(35 Misc. Rep. 613.)

### PEOPLE ex rel. McGRAW v. SCULLY. City Clerk.

(Supreme Court, Special Term, Queens County. July, 1901.)

1. DEPUTY CITY CLERK—SUMMARY REMOVAL.

New York City Charter, § 33, provides that the city clerk may appoint necessary deputies. Laws 1892, c. 681, § 9, provides that, where there are two or more deputies, the order in which they shall act in the absence of the principal officer shall be designated by him. Civil Service Law (Laws 1899, c. 370) § 21, does not extend protection in official business to deputies of any official or department. *Held*, that the city clerk of New York may summarily remove a deputy city clerk assigned to the borough of Queens, though he there perform all the duties of that particular office.

2. SAME.

The deputy city clerk, by the performance of all the work in the office of the borough of Queens, does not become a clerk entitled to the protection of the civil service regulations, but remains a deputy subject to removal.

Application by the people, on the relation of Thomas J. McGraw, for writ of mandamus against P. J. Scully, city clerk of the city of New York. Denied.

Mayer & Gilbert (Julius M. Mayer, of counsel), for relator.

John Whalen, Corp. Counsel (Louis H. Hahlo, of counsel), for respondent.

GARRETSON, J. It is admitted that the relator was appointed by the respondent a deputy city clerk of the city of New York on February 16, 1898, pursuant to section 33 of the charter (Laws 1897, c. 378), and that he duly qualified as such by taking the oath required by law. He was assigned to duty in the borough of Queens, and continued in charge of the city clerk's office in that borough until March 1, 1901, when he was notified by the respondent that his services would be no longer required; in other words, the respondent summarily removed him from office. The relator challenges the respondent's right and power so to remove him upon two specific grounds: First, that he was an exempt fireman of Long Island City; and, second, that his duties were those of a regular clerk. Neither of these objections will be found to be available to the relator if he was not protected in his office by section 1543 of the charter, which provides that no regular clerk shall be removed until the true grounds for removal have been entered upon the records of the department, and he has been allowed an opportunity of making an explanation thereupon, and the reasons for his removal have been filed in the department; and by section 21 of the civil service law (Laws 1899, c. 370), which provides that no person holding a position by appointment or employment in one of the cities of the state, who shall have served the time required by law in the fire department of any city, shall be removed from such position or employment, except for incompetency or misconduct, shown after a hearing, and upon due notice upon stated charges. While it appears that the relator discharged many duties which might have been performed by a subordinate employé, the fact that such duties were devolved upon him arose from the circumstance that he was in charge of the city clerk's office in the borough of Queens without an assistant, and hence, of necessity, did all the work, both general and clerical, as was from time to time required. He was, however, none the less a deputy, for he was in terms appointed as such, and possessed the powers incident to the office. The section of the charter (33) by virtue of which he was appointed has made a distinction between deputies and clerks, in that it says, speaking of the city clerk:

"He may appoint such deputies or clerks as are necessary to the discharge of his duties, provided that the aggregate salaries of such deputies and clerks * * * shall not exceed in any one year the sum appropriated therefor in the annual budget."

And in the public officers law (Laws 1892, c. 681, § 9) it is provided:

"If there is but one deputy, he shall, unless otherwise prescribed by law, possess the powers and perform the duties of his principal during the absence or inability to act of his principal, or during a vacancy in his principal's office. If there be two or more deputies of the same officer, such officer may designate, in writing, the order in which the deputies shall act, in case of his absence from the office or his inability to act, or in case of a vacancy in the office, and if he shall fail to make such designation, the deputy longest in office present, shall so act."

So that the general powers and duties of a deputy city clerk of the city of New York are those above set forth, subject to the designation, in writing, of the order of their precedence if more than one,

and also subject to the qualifying effect of section 31 of the charter prescribing the rights and powers of the city clerk's "first deputy." The section of the charter last cited, and section 9 of the public officers law, quoted above, may and should be read together. The relator also refers to section 32 of the charter as tending to sustain his contention that he was a regular clerk, which section provides that the city clerk shall be the custodian of all the muniments, records, patents, deeds, minutes, writings, and other papers belonging to any of the municipal and public corporations formerly existent therein, and united and consolidated into the city of New York, and shall have power to appoint a clerk in each of the boroughs, who shall have charge of the same, subject to the direction and control of said city clerk, and of the municipal assembly. The facts show, however, that the relator did more than have charge of the records and papers referred to; that he also performed duties under the naturalization laws, and other duties, which are devolved by law upon the city clerk. There is no valid reason why the city clerk, in his discretion, should not make one of his deputies a care taker of such records and papers in connection with the duties of his deputyship, or otherwise prescribe or limit the nature and character of the services of his representative. Having reference anew to section 21 of the civil service law, it is found that the protection there given to exempt firemen in the tenure of their official positions does not apply to a private secretary or deputy of any official or department, or to any person holding a strictly confidential relation to the appointing officer. As to incumbents of such positions, they are removable at the will of their principal, without notice, and without assigning cause therefor. For the reasons above assigned, I have reached the conclusion that the relator was, in law and fact, a deputy of the respondent; that no issue of fact is raised by the petition and return which calls for the issuance of an alternative writ of mandamus; that the relator is not entitled to the peremptory writ, and that the motion therefor should be denied, but without costs.

Motion denied, without costs.