In the Matter of the Application of SANDY J. ADAMS for an Order of Peremptory Mandamus, Respondent, v. WILLIAM F. FLANAGAN, Substituted for DWIGHT T. CORWIN, as County Auditor of the County of Suffolk, State of New York, Appellant.

Second Department, June 29, 1922.

Constitutional law — act not unconstitutional unless enforcement violates Constitution — elections — Election Law, § 39 (Laws of 1922, chap. 588) requiring county clerk in certain counties to furnish ballots to absentee voters and transmit ballots received to inspectors of election does not violate State Constitution, art. 2, § 6, providing that election boards shall be bi-partisan.

An act passed by the Legislature is not to be declared unconstitutional unless so inconsistent with the Constitution that it cannot be enforced without a violation thereof.

Section 39 of the Election Law (Laws of 1922, chap. 588), transferring from the board of elections to the county clerk in certain counties the duty of furnishing ballots to absentee voters and transmitting the ballots when received to the inspectors of election, is not unconstitutional as a violation of section 6 of article 2 of the State Constitution, providing that the board of elections shall be bi-partisan, for the furnishing of ballots to absentee voters and transmitting them when received to the inspectors of election does not constitute " distributing ballots at the polls to voters, or of receiving, recording or counting votes at elections," within the meaning of said section of the Constitution.

KELLY, J., dissents, with memorandum.

APPEAL by William F. Flanagan from an order of the Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Suffolk on the 5th day of June, 1922, granting a peremptory mandamus order, directing the appellant, as county auditor of the county of Suffolk, to draw his warrant in favor of Sandy J. Adams, as commissioner of elections for Suffolk county, in payment of his salary from April 13, 1922, to April 30, 1922.

*Nathan O. Petty,* for the appellant.

*Samuel Seabury,* for the respondent.

*Robert P. Beyer, Deputy Attorney-General [Charles D. Newton, Attorney-General,* with him on the brief], as *amicus curiæ.*

PER CURIAM:

The constitutional provision adopted in 1894 (Art. 2, § 6) must be read in the light of the provisions of the Election Law then existing, and as referring to the local boards then performing at the polls the functions therein described, viz., the inspectors of election, poll clerks and ballot clerks. (*Matter of Kane* v. *Gaynor,* 144 App. Div. 196; affd., 202 N. Y. 615.)* The duties performed by the board of elections under chapter 875 of the Laws of 1920,† and transferred to the county clerk of Suffolk county by chapter 588 of the Laws of 1922, of furnishing ballots to absentee voters, and transmitting the ballots when received to the inspectors of election, do not constitute " distributing ballots at the polls to voters, or of receiving, recording or counting votes at elections."

An act passed by the Legislature is not to be declared unconstitutional unless so inconsistent with the Constitution that it cannot be enforced without a violation thereof. The Constitution declares that the boards safeguarding the distribution of ballots at the polls and the receipt and counting of the votes shall be bi-partisan. Under section 39 of chapter 588 of the Laws of 1922 the county clerk does none of these things. It is true that he has power to determine whether the applicant is entitled to a ballot for absentee voting. This is a function entirely different from those mentioned in section 6 of article 2 of the Constitution. If this power is susceptible to abuse it is for the Legislature to prescribe the safeguards; but this cannot be done by an appeal to a constitutional provision enacted for a different purpose, and applicable to entirely different conditions. Handing ballots to absentee voters which may or may not be used at a future election is not distributing ballots at the polls to voters. Neither is receiving a ballot inclosed in a sealed envelope for the purpose of transmitting the same to the inspectors of election, to be voted if the absentee does not vote in person, equivalent to receiving the ballots which had been marked for the purpose of placing them in the ballot box.

---

* See Gen. Laws, chap. 6 (Laws of 1892, chap. 680), art. 5; Consol. Laws, chap. 17 (Laws of 1922, chap. 588), art. 8.— [REP.

† Adding to Election Law (Consol. Laws, chap. 17; Laws of 1909, chap. 22), art. 15-A; revised in part by Election Law (Consol. Laws, chap. 17: Laws of 1922, chap. 588), §§ 90, 117–122.— [REP.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Blackmar, P. J., Jaycox, Kelby and Young, JJ., concur; Kelly, J., dissents in separate memorandum.

Kelly, J. (dissenting):

I think the statute violates the constitutional prohibition (Const. art. 2, § 6). Under the recent amendment to the Constitution (Art. 2, § 1-a), added in 1919, absentee votes, so called, are as important as other votes cast at the election. The powers and duties of the county clerk under the statute seem to me to be distributing and receiving the ballots, which, under the constitutional provision, should be controlled by bi-partisan officials. These absentee votes might turn the result of the election in the State.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.