In the Matter of the Application of GEORGE BLONDHEIM, Respondent, for an Order of Mandamus against S. HOWARD COHEN, as President of the Board of Elections of the City of New York, and Others, as Commissioners of the Board of Elections of the City of New York, Appellants.

First Department, June 23, 1936.

*John F. X. McGohey, Assistant Attorney-General,* of counsel [*Patrick H. Clune, Assistant Attorney-General,* and *Henry Epstein, Solicitor General,* with him on the brief; *John J. Bennett, Jr., Attorney-General,* attorney], for the appellants.

*Reginald Field* of counsel [*Field & Field,* attorneys], for the respondent.

McAvoy, J. Petitioner was appointed a voting machine custodian in the board of elections in September, 1928, and continued in that capacity until January 14, 1936, when he was notified of the termination of his services on January 31, 1936, pursuant to resolution of the board of elections. He protested his removal, on the ground that, as an honorably-discharged veteran, he was entitled to a hearing and could only be removed for cause, under section 22 of the Civil Service Law. The board of elections contends that section 36 of the Election Law governs petitioner's employment and that he was an employee in the exempt class, removable at pleasure. Petitioner moved for a peremptory order of mandamus directing his reinstatement and it was granted on the ground that his removal on January 31, 1936, was illegal because of the failure of the board of elections to comply with section 22 of the Civil Service Law. It is stipulated in the record that the position of petitioner has been and still is in the " exempt " class as fixed by the Civil Service Commission.

Article II, section 6, of the Constitution of the State, reads: "All laws creating, regulating or affecting boards of officers charged with the duty of registering voters, or of distributing ballots at the polls to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and next highest number of votes. All such boards and officers shall be appointed or elected in such manner, and upon the nomination of such representatives of said parties respectively, as the Legislature may direct. Existing laws on this subject shall continue until the Legislature shall otherwise provide. This section shall not apply to town meetings, or to village elections."

Section 36 of the Election Law, adopted in pursuance thereof, reads as follows: " Every board of elections may appoint and at pleasure remove clerks,[1] voting machine custodians and other employees, prescribe their duties and fix their rank. In the city of New York, within the amounts appropriated therefor, and elsewhere within the amounts authorized by the board of super-

visors, the board of elections also may fix the number and salaries of its employees, it being the intention of this article, and said intention is hereby declared, to secure in the appointment of the members and employees of the board of elections[2] equal representation of the two political parties which at the general election next preceding such appointment cast the highest and the next highest number of votes for Governor." (Amd. by Laws of 1935, chap. 181, in effect March 16, 1935. Amendment at figure 1, added " voting machine custodians," and, at figure 2, omitted " other than voting machine custodians.")

The obvious intent and purpose of the Legislature, as expressed in the Election Law (§ 36), was to provide boards of elections with the power to control equal representation of employees belonging to the " two political parties which at the general election next preceding such appointment cast the highest and the next highest number of votes for Governor," as the constitutional provision quoted intended to effect. Before the amendment of 1935 (Chap. 181), voting machine custodians were expressly exempted from this provision of the Election Law. Now they are included.

Section 22 of the Civil Service Law provides for the removal of veterans in civil employment only upon trial for incompetency and misconduct. We think it not inhibitory here.

The provision of the Civil Service Law upon which petitioner relies (§ 22) is not founded upon express constitutional authority for its enactment. It is doubtless subject to limitations and restrictions necessary to effect objects otherwise within legislative power and discretion. Such are the exemptions from its effect in removal of election officials.

Section 36 of the Election Law finds authority indicated in the provisions and requirements of article II, section 6, of the Constitution (*supra*), under which unrestricted removal power may be necessary and imperative.

We conclude that section 36 of the Election Law gives the board of elections power to remove at pleasure appointees, although veterans, expressly graded according to law in the exempt class.

The order should be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

MARTIN, P. J. and O'MALLEY, J., concur; TOWNLEY and GLENNON, JJ., dissent and vote for affirmance.

TOWNLEY, J. (dissenting.) There is no conflict between the provisions of the Civil Service Law, section 22, which protects veterans from discharge without cause, and the provisions of the Election

Law, section 36, that the board of elections may appoint and at pleasure remove voting machine custodians. The two sections should be read together and the provision regarding veterans' preference provided by the Constitution (Art. V, § 6) and given force and effect by legislative acts thereunder should not be repealed by implication.

In *Matter of Seeley* v. *Stevens* (190 N. Y. 158) the Court of Appeals considered a case in which the Superintendent of Public Works had power to suspend and remove the incumbents of the position of superintendent of repairs of a section of the State canals. In that case the power to remove without reference to any charges was embodied not in a statute but in the Constitution. A statute (Laws of 1899, chap. 370, § 21) provided that veterans could not be removed except for incompetency or misconduct shown after a hearing upon due notice upon stated charges. The Constitution, article V, section 9, corresponding to the present article V, section 6, was also in force. The court said: "We have in this case two constitutional provisions and a statute passed in pursuance thereof. We are required to give effect to all and such a construction, if possible, that all may operate harmoniously. In order to nullify the statute we must be able to say that it is so repugnant to and in conflict with the Constitution that the two enactments cannot stand or be reconciled in any reasonable way. One section of the Constitution gives to the superintendent power to appoint and remove. Another that veterans shall have preference in all appointments, which this court has held to mean not only a mere preference in appointments, but also the right to be retained in the service except for misconduct and incompetency to be declared and found upon written charges after a hearing. [*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416.] And finally we have a statute which declares the same principle that this court has held to be embodied in the Constitution in regard to veterans. I am unable to discover the slightest conflict in these several provisions, and, hence, the statute should be given full force and effect." The case cited was even stronger in appellants' favor than the instant case because there the supposed absolute right to remove was claimed by constitutional grant and not by statutory authority.

An incumbent of the position of custodian if he is a veteran should not, even though in an exempt position, be discharged without notice and hearing for cause. Such a holding does not prevent the election board from freely declaring vacated the positions of custodians who are members of any party which ceased to be one of the two dominant parties at the last gubernatorial

election. A hearing on notice to a veteran in such a case would, of course, be a mere formality. In that case the condition of eligibility, namely, membership in one of the dominant parties would no longer be fulfilled by the incumbent and on notice removal would be proper.

The order should be affirmed.

GLENNON, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and the petition dismissed.