In the Matter of the Application of GEORGE W. CRISS, Petitioner, Respondent, for an Order of Mandamus against JAMES E. FINEGAN, as President of the Municipal Civil Service Commission of the City of New York, FERDINAND Q. MORTON and PAUL J. KERN, as Commissioners of the Municipal Civil Service Commission of the City of New York, and FRANK J. TAYLOR, Comptroller of the City of New York, Appellants, S. HOWARD COHEN, as President of the Board of Elections of the City of New York, DAVID B. COSTUMA, WILLIAM J. HEFFERNAN and JACOB A. LIVINGSTON, as Commissioners of the Board of Elections of the City of New York, Defendants, Respondents, and LEO J. McDERMOTT, Director of the Budget of the City of New York, Defendant.— Peremptory mandamus order affirmed, with costs. No opinion. Davis, Johnston, Adel and Close, JJ., concur; Hagarty, J., dissents, with the following memorandum: I dissent and vote to reverse the order and to deny the application. Article II, section 6, of the State Constitution has no application to permanent employees of the board of elections. (*Matter of Kane* v. *Gaynor*, 144 App. Div. 196; affd., on opinion of BURR, J., below, 202 N. Y. 615; *Matter of Adams* v. *Flanagan*, 201 App. Div. 735; affd., without opinion, 234 N. Y. 540; *Lynn* v. *Nichols*, 122 Misc. 170; affd., without opinion, 210 App. Div. 812.) The incorporation of the principle of bi-partisan representation in section 36 of the Election Law is a sound exercise of legislative power, since the duties of the clerks of the board of elections are of such a nature that a monopoly of political affiliation would be unwise. Nevertheless, that section must be considered in the light of article V, section 6, of the State Constitution. (*People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360.) The Legislature has adopted the Civil Service Law as the agency by which the mandate of this latter provision of the Constitution is brought into practical effect. It is the duty of the courts to harmonize that law with any other purporting to make appointments to positions in the civil service. (*Matter of Friedman* v. *Finegan*, 268 N. Y. 93, 100.) While appointment from the competitive class, as defined by the Civil Service Law and based upon grades, is impracticable of application to a position governed by bi-partisan representation, the respondent has failed to show a clear legal right to the position he occupies as being in the exempt class. There is no reason why the position should not be

classified in the non-competitive class under section 17 of the Civil Service Law, and this is the logical classification when the competitive is impracticable. (*Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *Matter of Merriweather* v. *Roberts*, 268 id. 12.) It must be assumed that the appropriate civil service commission has adopted proper rules for appointment out of this classification. The position taken by the civil service commission in clinging to the competitive classification does not justify the conclusion that the exempt classification is proper. I do not regard the authority of *Matter of Blondheim* v. *Cohen* (248 App. Div. 75; affd., without opinion, 272 N. Y. 520) as applicable. The question of classification was not there at issue. In fact, it was there stipulated that the position of the petitioner was in the exempt class as fixed by the civil service commission.