Samuel Rabin, J,
This is a proceeding for an order directing the respondents, commissioners of election of the County of Suffolk, to reinstate the petitioner to the position as administrative officer of the Board of Elections.
On January 1, 1957, petitioner was appointed administrative officer of the Board of Elections of the County of Suffolk, in which board all positions are classified in the exempt class by the Suffolk County Civil Service Commission (Suffolk County *640 Civil Service Rules, pp. 38-39). He occupied that position until he was relieved therefrom by a letter dated April 12, 1957, signed by the respondents, stating: “ The Commissioners of Elections at a meeting held this morning at the Board of Elections Office unanimously adopted a Resolution relieving you of your duties as of this day. In lieu of vacation, your name will continue on the payroll until May 1st, 1957.”
Petitioner thereupon instituted this proceeding wherein he contends that his dismissal as aforesaid violated subdivision 1 of section 22 of the Civil Service Law, he being a World War II veteran, honorably discharged from the United States Army on March 5, 1946.
The identical problem received judicial review in Matter of Blondheim v. Cohen (248 App. Div. 75, affd. 272 N. Y. 520). There, too, an employee, an honorably discharged veteran, held a position in the exempt class on a board of elections (Board of Elections of the City of New York), from which position he was removed pursuant to a resolution of said board, without a hearing. The Appellate Division, First Department, held that section 36 of the Election Law, adopted in pursuance of the provisions of section 6 of article II of the State Constitution, gave the Board of Elections power to remove at pleasure appointees, although veterans. Section 36 provides in pertinent part as follows: ‘‘ Every board of elections may appoint and at pleasure remove clerks, voting machine custodians and other employees, prescribe their duties and fix their rank.” Neither section 36 of the Election Law nor the provisions of the Constitution, pursuant to which it was enacted (formerly § 6, renum. § 8 and amd. by Constitutional Convention of 1938, approved by the people on Nov. 8, 1938) were substantially changed, nor have the appellate courts receded from or modified the views expressed in Matter of Blondheim v. Cohen (supra). Accordingly, this court must conclude as did the court in that case (p. 77), that “ section 36 of the Election Law gives the board of elections power to remove at pleasure appointees, although veterans, expressly graded according to law in the exempt class.”
The application is accordingly denied and the petition dismissed.
Submit order.