958

■ A. Dickson Moodie, Respondent, v. American Casualty Company of Reading, Pennsylvania, Appellant. (Action No. 1.) A. Dickson Moodie, Plaintiff, v. Jay W. Rickard, Doing Business as Rickard Insurance Agency, Defendant. (Action No. 2.) — Motion to dismiss appeal taken by American Casualty Company from the order and judgment entered in Action No. 2 granted, without costs. A nonparty who has neither intervened in the action nor been substituted for a party is without standing to appeal from the final determination therein. (CPLR 5511; *Matter of Johnson* v. *Dreher*, 278 App. Div. 1019.) Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur.

■ In the Matter of the Accounting of Mathias P. Poersch, as Surviving Trustee of a Trust Created by Frank C. O'Brien, Deceased. Gertrude E. Kelliher et al., Appellants; Marine Midland National Bank of Troy et al., as Executors of John G. Smith, Deceased, et al., Respondents.— Motion to strike respondents' appendix denied as premature, without costs and without prejudice to its renewal after settlement of the transcript and record on appeal. (Rules of Appellate Division, Third Department, rule 2, subd. [e].) Cross motions to dismiss appeals denied, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ The People of the State of New York ex rel. Laurence Carroll, Relator, v. Ross E. Herold, as Superintendent of Dannemora State Hospital, Respondent.— Application to renew petition for writ of habeas corpus granted, and upon such renewal the court adheres to its prior decision (27 A D 2d 687). Since petitioner's term of imprisonment has not expired, his detention at the hospital is not subject to review by habeas corpus (*People ex rel. Conover* v. *Herold*, 24 A D 2d 773, mot. for lv. to app. den. 16 N Y 2d 488). *People ex rel. Brown* v. *Johnston* (9 N Y 2d 482) is not to the contrary, the statute involved having since been amended to afford petitioner a hearing upon the question of his sanity (L. 1962, ch. 393). Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ Mary K. Curtis, as Administratrix of the Estate of William D. Curtis, Deceased, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 43010.) — Motion to resettle order entered on January 13, 1967, granted to the extent that the following finding of fact made by the trial court is reversed: " The failure to so fasten the I-beam created an unsafe condition which condition the State knew or should have known "; and in all other respects denied, without costs. [See 27 A D 2d 628.] Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.