In the Matter of ABRAHAM KAPLAN, Petitioner, against WILLIAM D. MEISSER et al., Constituting the Board of Elections of Nassau County, et al., Respondents.

Supreme Court, Special Term, Queens County, August 30, 1949.

*M. John P. Jacobs* for Foster E. Vogel, respondent appearing specially.

*Carlino & Friedman* for petitioner.

*Marcus Christ,* County Attorney (*G. Burchard Smith* of counsel), for William D. Meisser and another, constituting the Nassau County Board of Elections, respondents.

HOOLEY, J. This is an application by Abraham Kaplan, for an order, pursuant to article 78 of the Civil Practice Act, directing the Board of Elections of Nassau County to strike and remove from the records of the said Board of Elections the designating petition for the nomination of Foster E. Vogel for the office of City Judge of the City of Long Beach and restraining the Board of Elections from printing on the official ballot for the Republican Primary Election to be held on September 6th next the name of said Foster E. Vogel, as a candidate for the office of City Judge.

The ground of the application is the claim that the designee respondent Foster E. Vogel has been and now is a resident of Lido Beach, Town of Hempstead, which is outside the corporate limits of the City of Long Beach.

The Charter of the City of Long Beach (L. 1922, ch. 635, as amd. from time to time) provides in section 10 of article 2 as follows: " No person shall be eligible to hold an elective office in the city of Long Beach unless he is an elector thereof and has been a resident thereof for two years previous to his election."

Foster E. Vogel, the designee respondent, has appeared specially and interposes an objection to the proceeding and moves to dismiss the petition on the ground that it is insufficient in law on the face thereof and that the court has no jurisdiction to entertain the proceeding.

The petitioner Kaplan heretofore instituted a proceeding under section 330 of the Election Law for the purpose of obtaining an order invalidating the designating petition of the respondent Vogel, but the application was dismissed because the application was made after the expiration of the fourteen days allowed by section 330 of the Election Law aforesaid within which to attack the designating petition.

The motion made by Vogel, the designee respondent, for the dismissal of this application by Kaplan under article 78 of the Civil Practice Act brings up the preliminary question as to whether the petitioner Kaplan may maintain this proceeding.

There is no doubt that the question of the designee respondent's ineligibility, by virtue of his nonresidence, might have been determined in the proceeding brought by this petitioner under section 330 of the Election Law had the petitioner moved in

time. The procedure now adopted by the petitioner is to obtain an order in the nature of mandamus. However, under article 78 of the Civil Practice Act, the Supreme Court has no power to direct the Board of Elections to do any more than lay within the power of such board in the first instance. The Board of Elections had no power upon its own determination to reject the designating petition because of facts not appearing on the face thereof, which facts are claimed to make the designee respondent ineligible for the office which he seeks and this court may not in this proceeding order the board to reject the petition on that ground.

In *People ex rel. Harris* v. *Commissioners of Land Office* (149 N. Y. 26, 30) the court said: " The primary object of the writ of mandamus is to compel action. It neither creates, nor confers power to act, but only commands the exercise of powers already existing, when it is the duty of the person or body proceeded against to act without its agency."

Section 330 of the Election Law was intended to and does govern all proceedings in and about the designation of candidates in primary elections. (*Matter of Frankel* v. *Cheshire,* 212 App. Div. 664, 670.)

The Supreme Court has no inherent summary jurisdiction in election matters. Such jurisdiction rests upon the express provisions of the Election Law and it finds its limitation in that statute. (*Matter of Tamney* v. *Atkins,* 209 N. Y. 202, 206; *Matter of Carson,* 164 Misc. 945.) The statute (Election Law, § 330) afforded an adequate remedy to petitioner. He failed to properly avail himself of it.

Because the petition of Abraham Kaplan is insufficient in law and invalid on its face, the same is dismissed. It becomes unnecessary to pass upon the question of the eligibility of the designee respondent Vogel.