Edward J. Greenfield, J.
In this election proceeding, petitioner finds himself on the horns of a procedural dilemma. Should he have filed objections to his opponent’s candidacy as soon as petitions were filed and before he, in fact, knew of any basis for objecting, or should he have deferred his challenge until after the primary election, risking untimeliness but if successful knocking his opponent off the ballot? He is the Republican candidate for the office of Civil Court Judge in the County of New York. He has brought this article 78 proceeding to strike the name of the respondent, Betty Weinberg Ellerin, from the ballot as a candidate of the Democratic and Liberal Parties for the office of Judge for the Civil Court of the City of New York, for the election scheduled to take place on November 2, 1976. Mrs. Ellerin as the respondent and the Democratic County Committee for New York County, as intervenor, have cross-moved to dismiss the petition.
The petition alleges that respondent Ellerin is not a bona fide resident of the City of New York, a qualification that is required by subdivision a of section 15 of article VI of the State Constitution. The cross motion to dismiss is grounded on the contention that the petition is jurisdictionally defective and not timely brought, since it was not commenced within 14 days after the last day to file petitions. Since the challenge to the petition is based on untimeliness as a matter of law, the court must, on this application, ignore the merits of petitioner’s contentions as to nonresidence, and, in fact, treat them as if they were true.
Ordinarily, relief for matters involving the Election Law are brought by means of a proceeding pursuant to section 330 thereof. That section vests in the Supreme Court summary jurisdiction to determine any question of law and fact relating to the designation, nomination and election of candidates for public office or party position, and empowers the court to make such orders as justice may require. The cases cited by petitioner permitting the use of an article 78 proceeding, do not directly sanction it as a device for striking the names of candidates from the ballot. Walker v Furst (35 AD2d 727, affd 27 NY2d 805) involved both a section 330 challenge to a nomination and an article 78 judgment to remove an appointee from office. Matter of Kiernan v Mirante (53 Misc 2d 173) was an article 78 proceeding challenging the removal of a party chairman at a committee meeting. McSweeney v Republican County Committee of Bronx County (61 Misc 2d 869) also was an article 78 proceeding challenging the results of a *162 county committee meeting. Matter of Battipaglia v Executive Committee of Democratic County Committee of County of Queens (20 Misc 2d 226) again was an article 78 proceeding challenging action taken to remove a party chairman from office at a committee meeting. However, Matter of Van Len-gen v Balabanian (50 Misc 2d 652, affd 26 AD2d 622, affd 17 NY2d 920) permitted an article 78 proceeding by way of mandamus to compel the ministerial act of the Board of Elections in determining the sufficiency of signatures on a designating petition. Even assuming, however, that an article 78 proceeding will lie as an alternative procedure for challenging the Board of Elections’ action in placing a name on the ballot, the law is clear that the period of limitations otherwise applicable under the Election Law would still control. (Matter of Van Lengen v Balabanian, supra; Davidson v Eastman, 35 NY2d 735; Matter of Murray v Lord, 46 AD2d 721, affd 35 NY2d 737; Matter of Mansfield v Epstein, 5 NY2d 70, 74.) The intervenor contends that in any event the questions raised by the petition are not encompassed by CPLR 7803 which enumerates the type of question to be presented in an article 78 proceeding. The court cannot agree. While there was no determination by the Board of Elections as a result of a hearing or otherwise with respect to the residence of respondent, Ellerin, a challenge can presumably be made under CPLR 7803 (subd 3) to ascertain whether a determination to place a candidate’s name on the ballot was made in violation of lawful procedure. Whatever view be taken, the time limitations set forth in the Election Law are applicable.
What, then, is the statutory limitation with respect to challenges to a candidate’s nomination? Subdivision 1 of section 330 requires a proceeding challenging the "designation” of any candidate be brought within 14 days after the last date to file petitions. The petition herein was brought 62 days after the last date for the filing of petitions, and hence, it is claimed by respondent and intervenor to be untimely. Petitioner, however, contends that the applicable limitation is set forth in subdivision 2 of section 330 of the Election Law which provides that the "nomination” of any candidate must be challenged within 10 days after the primary election. Since the petition was filed one day after the primary election, he insists his application is, in fact, timely.
The fact is that the petition challenges neither the designation of a candidate nor the nomination by means of a primary *163 election. Petitions designating respondent Ellerin as the Democratic and Liberal candidate for the office of Judge for the Civil Court were filed with the Board of Elections and it appears that no other petitions for that office in those parties were filed. As a result, Mrs. Ellerin became not only a designee, but on and after the period for filing petitions was closed, the uncontested nominee of the Democratic and Liberal Parties. (Election Law, § 149.) Designee Ellerin having been nominated without opposition, and without a primary election, the 10-day period for challenging the results of the primary election did not apply to her. She was chosen, as the statute specifies (Election Law, § 330, subd 2), by means of "a nomination made otherwise than at a primary election.” No specific time limit is set forth for the bringing of a proceeding to challenge such a nomination. However, subdivision 2 of section 330 provides that a proceeding to challenge a nomination made otherwise than at a primary election must be brought "by a person who shall have filed objections pursuant to section one hundred forty-five.” Section 145 requires objections to any petition or certificate of nomination be filed within three days after the filing of the petition or the certificate. Petitioner did not file any objections with the Board of Elections within three days after respondent Ellerin had been certified as the uncontested nominee of the Democratic ánd Liberal Parties. In view of the nature of his challenge, was he required to do so?
Objections to petitions are ordinarily filed with the Board of Elections to challenge the form and validity of the petitions and the validity and the sufficiency of the signatures. The Board of Elections has no power to reject a petition because of facts not appearing on the face therein. (Schwartz v Heffernan, 304 NY 474; Matter of McGovern, 291 NY 104, 108.) Such matters as extrinsic fraud in obtaining the signatures on the petitions, or the questions of the qualifications of the candidate because of age, residence and the like may be passed upon in the first instance only by the courts. Why then the necessity of filing objections with the Board of Elections within three days when the board cannot pass on the question of what a candidate’s residence might actually be? This is not an idle, technical or superfluous requirement. It should be noted that objections are to be filed either to petitions or to a certificate of nomination. The filing of such objections within three days is required, as a matter of simple fairness to the *164 voters. Should a candidate who has, without contest, received a certificate of nomination be ruled ineligible for office, the voters of the party, rather than having the election go by default, can designate a substitute candidate by means of a request for a write in, in accordance with section 148 of the Election Law. Since the last date for filing designating petitions must be no later than the seventh Thursday preceeding the primary election (Election Law, § 143, subd 1) and objections even to an uncontested nomination must be made within three days thereafter, time still remains to request the opportunity for a write in, which must be made no later than the sixth Thursday preceeding the primary election (Election Law, § 143, subd 3-a). Thus, if objections are filed to an uncontested nomination (presumably by an opponent in another party) the voters of the party could safeguard themselves against the possibility of default by requesting the opportunity for a write in. Then, if the challenge to the nominee were sustained, the name of a different candidate for the party nomination could be written in. (See Matter of Hunting v Power, 54 Misc 2d 120, affd 28 AD2d 826, affd 20 NY2d 680.) Petitioner, having concededly failed to file objections to the certificate of nomination within the period prescribed, is without standing to compel the Board of Elections to strike respondent Ellerin’s name from the ballot.
If indeed respondent Ellerin is a nonresident of the City of New York, is she barred from the nomination? Section 147 of the Election Law provides that certain persons "shall not be nominated for a public office.” In the first such class are persons who are not citizens of the State of New York. In the second class are those "ineligible to be elected to such office.” In the third group are those who "if elected, will not at the time of commencement of such office meet the constitutional or statutory qualifications thereof.” Respondent Ellerin is not challenged for the nomination as a person who is not a citizen of the State of New York, nor is it contended that she is ineligible to be elected to such office. Rather, the challenge is premised upon her alleged nonresidence, which is a constitutional requirement of subdivision a of section 15 of article VI of the New York State Constitution. Unlike disqualifications such as age or prerequisite experience (i.e., 10 years’ standing at the Bar) residence can be changed. This court has no way of knowing whether, if elected, respondent Ellerin will, even if not presently a resident, have obtained a new residence at the time of the commencement of her term. While there is no *165 basis for a challenge to respondent Ellerin’s name appearing on the ballot, should she prove to be ineligible for office, an article 78 proceeding, a declaratory judgment, or a proceeding in the nature of quo warranto might conceivably be brought to challenge her right, even though elected, to hold office. (Corrigan v Board of Elections of Suffolk County,; 38 AD2d 825, affd 30 NY2d 603; Quinn v Kehoe, 61 Misc 2d 392; Periconi v Power, 48 Misc 2d 391.)
Accordingly, the cross motion to dismiss the petition is granted as a matter of law. No hearing to inquire into the facts as to the respondent’s actual place of residence is required.