■ In the Matter of JOHN A. D'APOLITO, an Attorney.—Motion for reinstatement denied. Concur—Kupferman, J. P., Murphy, Lupiano and Nunez, JJ.

## (October 27, 1976)

■ In the Matter of RICHARD E. COVEN, Appellant, v JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents, and BETTY W. ELLERIN, Respondent.—Judgment, Supreme Court, New York County, entered October 25, 1976, unanimously affirmed, without costs and without disbursements, for the reasons stated by Greenfield, J., at Special Term, with the additional observation—see *Kaplan v Meisser* (196 Misc 237); *Matter of Fazio v Meisser* (209 NYS2d 17, affd without opn 11 AD2d 1029). Leave to appeal to the Court of Appeals is granted. Concur—Stevens, P. J., Markewich, Birns and Lane, JJ. [88 Misc 2d 160.]

## (October 28, 1976)

■ ROHAB COMPANY, Respondent, v RIJAN DELICATESSEN, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered on January 29, 1976, unanimously affirmed, on the authority of *220 West 42 Assoc. v Ronbet Newmark Co.* (53 AD2d 829). Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Nunez, JJ.

■ L. JOSEPH OVERTON, Appellant, v HERMAN E. COOPER, Respondent.—Order, Supreme Court, New York County, entered on November 26, 1975, unanimously affirmed, on the opinion of Gellinoff, J., at Special Term. (See, also, *Vavolizza v Krieger,* 33 NY2d 351, 355, 356.) Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Nunez, JJ.

■ JOSEPH MANDELL, as Executor of HARRY MANDELL, Deceased, Appellant, v SAMUEL GROSFELD et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered on June 23, 1975, dismissing the complaint herein, after trial before Schwartz, J., and a jury, unanimously affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Plaintiff failed to establish fraud in the sale by him of a purchase money second mortgage to defendant, Grosfeld's nominee for approximately two thirds of the face value thereof. The portion of the proceeds received from the city which was allocated to satisfy the subject mortgage was nothing more than a rehabilitation loan from the city, which was to be repaid. We have examined the several contentions urged by plaintiff hereon and find them to be without merit. Concur—Kupferman, J. P., Silverman, Capozzoli, Nunez and Yesawich, JJ.