OPINION OF THE COURT
John F. Lawton, J.
This matter has been brought before the court by order to show cause dated March 1, 1983 and affirmation of Norman L. Mastromoro, Esq., dated March 1, 1983 captioned “In the Matter of The Village of Herkimer Republican Party”. The aforesaid pleadings were duly served on Daniel C. Shaughnessy, Jr., Chairman of the Village of Herkimer Republican Party.
Further, by order to show cause dated March 3, 1983, a motion was brought before this court on March 4, 1983 to join the Clerk of the Village of Herkimer as a necessary party. The Clerk of the Village of Herkimer appeared on the return date through his attorney, James H. Huyck, III, Village Attorney, in response to this motion and consented to being joined as a necessary party.
The relief requested in this matter is that the court strike the names of all Republican candidates from the *802 ballot in the March 15, 1983 Herkimer Village election. There originally were no specified- petitioners or respondents set forth in this affirmation or order to show cause, and not even the candidates whose names are to be struck from the ballot have been made respondents or served with the pleadings in this matter. The failure by the affiant, a duly licensed attorney, to make these candidates respondents in this matter and initially the Village Clerk of the Village of Herkimer, who would be required to strike these names from the ballot, but rather to proceed against only the Village of Herkimer Republican Party appears highly irregular. It is affiant’s position that this action could be brought at any time prior or possibly even after election. Thus, rather than dismiss this matter for these irregularities, the court will, pursuant to section 16-116 of the Election Law of the State of New York, summarily determine this action.
The facts alleged and generally uncontested in this matter are that in January, 1978, the Herkimer County Republican Committee adopted a “village primary election” system for nominating candidates for village office. For the upcoming March 15, 1983 village election the Republican Party in the Village of Herkimer failed to follow the village primary election system for nominating candidates, but rather nominated candidates by the party caucus method. Pursuant to the caucus method as prescribed in section 15-108 (subd 2, par c) of the Election Law of the State of New York, a notice of a Republican Party caucus to be held January 24,1983 was placed in the Herkimer Telegram on January 13 and January 20, 1983. Further, this notice provided that a Republican Party caucus would be held January 24,1983 for the purpose of nominating candidates for the offices of Village Mayor, two Village Trustees and Village Justice. The caucus was duly held on January 24, 1983 and thereafter the nominations at the caucus were duly evidenced by filing a certificate of nomination with the village clerk on January 24, 1983, together with a list of the 49 enrolled members of the party who participated in said caucus.
The affiant contends that by proceeding by caucus method in contravention of the county committee rules, the *803 Republican Party of the Village of Herkimer acted in contravention of section 15-108 (subd 2, par a) of the Election Law which provides that nomination for village elections “shall be made at a party caucus or at a primary election, as the rules of the county committee, heretofore or hereafter adopted consistent with * * * this chapter shall provide”. Further, affiant contends that even in using the caucus method, the Republican Party failed to comply with the caucus requirement of section 15-108 (subd 2, par d) by failing to have a duly appointed chairman, secretary and tellers at the caucus. Due to the aforesaid violation of article 15 of the Election Law, affiant requests that the court, pursuant to its authority to review village elections as provided in section 15-138 of the Election Law, strike from the ballot the names of the Republican candidates for the March 15, 1983 village election.
Respondent Daniel C. Shaughnessy, Jr., on behalf of the Village of Herkimer Republican Committee and the Republican candidates for the March 15, 1983 village election, in his answering papers does not controvert the facts set forth by affiant, but rather contends that this proceeding is procedurally defective since it is not brought on by way of a verified petition as required by section 16-116 of the Election Law, or in the alternative, is time barréd pursuant to section 16-102 of the Election Law.
Respondent Victoria Baggetta, Village Clerk of the Village of Herkimer, contends in her answering papers that her duties with regard to the village election are set forth by subdivision 1 of section 15-124 of the Election Law and are ministerial in nature. Further, the clerk alleges that on January 25,1983 the certificates of Republican nomination of village officers, together with a list of Republican voters, were filed in the clerk’s office, and that these certificates were valid on their face and contained the party, candidates, vacancies to be filled and the signature of the Secretary of the Village of Herkimer Republican Party. It was further indicated on these certificates that these candidates were the unanimous choice of the Republican caucus. Appearing regular and valid on their face the certificates of nomination were accepted and duly filed in the clerk’s office. No objections were filed as to the certifi *804 cates of nomination. The village clerk further alleges that by section 15-108 (subd 7, par a) the final day for filing this certificate of nomination is January 27,1983, and that the time for challenging a certificate of nomination is within 10 days thereafter, which period ended on February 7, 1983. Subsequent to February 7,1983, no challenge having been commenced, the village clerk proceeded to take all steps to conduct the March 15,1983 election, including the establishment of polling places and publishing all required notices. The village clerk contends that based on the above facts and subdivision 2 of section 16-106 of the Election Law, this proceeding should be dismissed for failure to commence a timely special proceeding to challenge these certificates of nomination.
The court agrees with respondents’ contention that this matter is time barred. The Election Law of the State of New York has provided the manner and method for both challenging and conducting the election and nominations of candidates for public office in the State of New York. This procedure sets forth stringent time frames which allow an opportunity to object and appropriate and timely review by the court of the State of New York of election questions while preventing disenfranchisement of voters or costly delays or interruptions of the election process. Regarding objections to the nomination of candidates, section 16-102 of the Election Law provides the time frame and method by which the designation and nomination of a candidate for public office may be challenged:
“1. The nomination or designation of any candidate for any public office or party position or any independent nomination, or the holding of an uncontested primary election, by reason of a petition for an opportunity to ballot having been filed, or the election of any person to any party position may be contested in a proceeding instituted in the supreme court by any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections, as provided in this chapter, except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary.
*805 “2. A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petitions; or if such proceeding is in connection with a petition for a village election or an independent nomination for a special election, it shall be instituted within seven days after the last day to file the petition for such village election or independent nomination; or if in connection with a primary, convention, or caucus, within ten days after the holding of such primary or convention or the filing of the certificate of nominations made at such caucus.
“3. The court may direct reassembling of any convention or the holding of a new primary election, or caucus where it finds there has been such fraud or irregularity as to render impossible a determination as to who rightfully was nominated or elected.”
The affiant in this matter was authorized by subdivision 1 of section 16-102 to file objections to the method used by the Village of Herkimer Republican Committee in nominating candidates for the March 15, 1983 village election. These nominations were by certificate of nomination duly filed with the village clerk on January 24,1983. Pursuant to subdivision 10 of section 15-108 of the Election Law, said certificate could have been challenged by written objection filed within one day of the filing of the certificates of nomination which must thereafter be followed by written specifications filed with the village clerk within two days of the filing of the objections. The village clerk per said section is to upon receipt of the specifications forward the same to the county board of elections for review and determination of the questions raised with regard to the sufficiency of the certificate or petition. A proceeding to thereafter challenge as an objection the determination as to the sufficiency of a designating petition must be instituted within the 14-day time frame provided by subdivision 2 of section 16-102 of the Election Law (Matter of Thompson v Wallace, 45 NY2d 803; Blenman v Herron, 51 NY2d 750). This 14-day time frame also applies to a challenge to a certificate of nomination. (Matter of Crable v Le Fever, 84 AD2d 584.) Subsequent to this decision, subdivision 2 of section 16-102 was amended (L 1981, ch 305, § 1) *806 to require a proceeding be commenced within 10 days of the filing of a certificate of nomination made at a caucus.
The affiant neither filed objection or specifications, nor has he brought this proceeding within either 10 days or 14 days of the last date to file the certificates of nomination, which for the March 15,1983 village election was January 27, 1983 (see Election Law, § 15-108, subd 7, par a), but rather has waited to commence this proceeding until only 15 days prior to the village election. A statutory framework to provide for an orderly and timely challenge applicable to designating petitions and certificates of nomination has been established by the Election Law. The affiant has failed to act in the method or within the applicable time frames required by sections 15-108 and 16-102 of the Election Law, and therefore this action is time barred and must be dismissed.
Further, the affiant lacks standing to request the court to strike the names of the Republican candidates for the March 15,1983 village election. Affiant is not an aggrieved candidate or a party chairman authorized to contest nominations or designations to any public office (Election Law, § 16-102, subd 1). The only standing of this individual to contest the nomination of an individual for public office would be as a “person who shall have filed objections, as provided in this chapter” (Election Law, § 16-102, subd 1). No objections have ever been filed by the affiant nor have any attempts been made to comply with the time frame of subdivision 10 of section 15-108 or section 16-102 of the Election Law. Failure to file an objection by an individual within the statutory prescribed period has been held to require dismissal of the petition for lack of standing (Matter of Bennett v Justin, 77 AD2d 960, affd 51 NY2d 722; Matter of Coven v Previte, 88 Misc 2d 160, affd 54 AD2d 663). Thus, this matter must be dismissed for lack of standing.
Respondent Daniel C. Shaughnessy, Jr.’s contention that this matter is procedurally defective is also correct. Section 16-116 of the Election Law requires that a special proceeding brought under the provisions of article 16 of the Election Law shall be heard upon verified petition. Section 16-102 of the Election Law clearly contemplates and sets forth *807 the procedures for challenging, as is done in the case at bar — the nomination of candidates for public office. Thus, this matter can be heard only upon a verified petition. In this matter the pleadings provided the court are an order to show cause and an affirmation by the challenging party, Norman L. Mastromoro. Where a proceeding was brought under article 16 of the Election Law upon an unverified petition the Court of Appeals in Matter of Goodman v Hayduk (45 NY2d 804) found it unacceptable and dismissed the petition. The court is cognizant of the fact that affiant might contend that an attorney’s affirmation may be served and filed in lieu of an affidavit or verified petition pursuant to CPLR 2106 of the State of New York. Even accepting affiant’s contention that an affirmation could be substituted for a verified petition, it is inapplicable in cases as at bar where the attorney is a party or person beneficially interested in the proceeding. (Schutzer v Suss-Kolyer, 57 AD2d 613; Matter of Flaton v Caso, 86 Misc 2d 695, mod on other grounds 54 AD2d 752; Fitzgerald v Willes, 83 Misc 2d 853.) Thus, since this matter has not been brought by verified petition, it is procedurally defective and must be dismissed.
For the reasons set forth above, the affiant’s request to strike the names of the Republican candidates from the ballot of the March 15, 1983 election of the Village of Herkimer is denied and the proceeding dismissed with prejudice.