■ In the Matter of GARY SINAWSKI et al., Appellants, v CARLOS CUEVAS, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Eugene R. Wolin, J.), entered August 20, 1986, dismissing the petition in this CPLR article 78 proceeding to annul a determination by respondent invalidating a petition filed pursuant to Municipal Home Rule Law § 37, unanimously affirmed, without costs or disbursements.

By this article 78 proceeding petitioners, sponsors of a referendum petition which would place on the ballot a proposed local law amending New York City Charter, chapter 409, § 1100 *et seq.,* to provide for the recall of elected officials and the election of their successors, seek to compel the Clerk of the City of New York to certify the initiative and petition so that the referendum may be placed on the ballot in the November 4, 1986 general election. The Clerk has objected to the petition on the grounds that it, *inter alia,* "contains illegal and ambiguous provisions and is not a permissible subject for referendum because recall procedures are not authorized by state law." We need not, as did the Supreme Court, rule on the Clerk's claim that a recall referendum is neither statutorily nor constitutionally authorized, however, since, in any event, we agree with that court's conclusion that the instant recall referendum, by virtue of its blatant ambiguities and illegal provisions, is fatally flawed. In affirming on that limited basis we do so for the reasons stated in support of that conclusion by Justice Eugene R. Wolin in his decision of August 19, 1986.

We also agree with the Supreme Court's conclusion, as well as its analysis in support thereof, that the Clerk's failure to comply with the requirement that he transmit his supplemental certification within 15 days after filing of the petition, as required by Municipal Home Rule Law § 24, does not constitute a waiver so as to transform an invalid initiative into a valid one. The Clerk cannot be deprived of his power to transmit a certification to the City Council by his failure to meet the 15-day requirement. *(See, Matter of Rochester Gas & Elec. Corp. v Maltbie,* 272 App Div 162, 165-166.) Absent some evidence that the requirement is jurisdictional, a provision directing a public officer to take action within a certain time limit is directory, not mandatory. *(See,* McKinney's Cons Laws of NY, Book 1, Statutes § 172; *see also, Matter of Fossella v Dinkins,* 128 Misc 2d 822, *affd* 114 AD2d 340.) Concur—Sullivan, J. P., Ross, Carro, Milonas and Wallach, JJ. *[See,* 133 Misc 2d 72.]