In the Matter of PATRICK L. LUCARIELLO, Appellant, v COMMISSIONERS OF THE CHAUTAUQUA COUNTY BOARD OF ELECTIONS et al., Respondents.—Order unanimously reversed on the law and petition granted, in accordance with the following memorandum: Petitioner appeals from an order which denied his application to compel the Village Clerk and the Chautauqua County Board of Elections to accept for filing and to validate Lucariello's certificate of nomination as the Democratic candidate for the office of Mayor of the Village of Mayville, and to list his name on the ballot for the election to be held on March 21, 1989. The court ruled that petitioner's proceeding was untimely, that all necessary parties were not joined, and that the Board of Elections had acted properly in invalidating petitioner's candidacy on nonministerial grounds. We disagree.

Petitioner's proceeding pursuant to Election Law § 16-102 was timely. Petitioner's 10-day period in which to commence this proceeding ended on February 13, 1989. Because that date was a legal holiday *(see,* General Construction Law § 24), petitioner timely commenced this proceeding on the day thereafter *(see,* General Construction Law § 25-a).

All necessary parties were joined. Because the validity of the entire certificate of nomination was not at issue, the other candidates listed thereon were not necessary parties *(see, Matter of Brayman v Stevens,* 54 Misc 2d 974, *affd* 28 AD2d 1090, *affd* 20 NY2d 868; *Matter of Jones v Gallo,* 37 AD2d 793, 794). The other contender for the Democratic Party's nomination for Mayor was not inequitably affected by the court's decision within the meaning of CPLR 1001 (a) and, thus, he was not a necessary party.

The Board of Elections admitted that, in response to an objection, it conducted an investigation into the procedure employed at the Party's nominating caucus. Based upon this investigation, it invalidated petitioner's nomination. This was

improper. A Board of Elections may not go beyond the face of a certificate of nomination and determine the merits of factual issues *(Schwartz v Heffernan,* 304 NY 474; *Matter of Lindgren,* 232 NY 59, 61-62; *Matter of Frankel v Cheshire,* 212 App Div 664; *Matter of Coven v Previte,* 88 Misc 2d 160, *affd* 54 AD2d 663).

Accordingly, we grant the petition and direct that petitioner's name be placed on the ballot for the election to be held on March 21, 1989. (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—Election Law.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ. (Order entered Mar. 2, 1989.)