■ In the Matter of LEONARD R. LENIHAN et al., Individually and Constituting a Majority of the Members of the Erie County Legislature, Respondents, v ROGER I. BLACKWELL, as Commissioner of the Erie County Board of Elections, Respondent, and RALPH M. MOHR, as Commissioner of the Erie County Board of Elections, Appellant. MICHAEL H. RANZENHOFER et al., Individually and as Members of the Erie County Legislature, Intervenors-Appellants. [619 NYS2d 888] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In August 1994 the Erie County Legislature adopted Local Laws, 1994, No. 14 of Erie County providing for a proposition to appear on the ballot for the November 8, 1994 election. The Local Law amends the Erie County Charter, which requires a two-thirds vote to increase sales and use taxes in Erie County, by permitting approval by a simple majority of the Legislature. On September 30, 1994, the Erie County Clerk forwarded a copy of the proposition and abstract to the Erie County Board of Elections. Neither mentions the change in the vote requirement for sales and use taxes.

On October 4, 1994, respondents Ralph M. Mohr and Roger I. Blackwell, the Commissioners of the Erie County Board of Elections, determined that the proposition would not appear on the ballot because they disagreed whether it was proper. Two days later, petitioners, who constitute a majority of the Erie County Legislature, brought this proceeding seeking a declaration that the determination of the Commissioners that the proposition shall not appear on the ballot is invalid and that a majority vote of the Commissioners is required to prevent a proposition from appearing on the ballot, and seeking to direct the Commissioners to place the proposition on the ballot. On October 11, 1994, intervenor-respondents, who constitute a minority of the Erie County Legislature, moved to intervene. The County Attorney submitted an answer seeking dismissal of the petition on behalf of both Commissioners but verified by only Commissioner Blackwell.

Respondent Mohr moved for the appointment of independent counsel to represent him and cross-moved for dismissal of the petition, the same relief sought by intervenor-respondents and Commissioner Blackwell.

By order dated October 25, 1994, we authorized respondent Mohr to retain independent counsel solely to brief and argue this appeal.

Because the relief sought is in the nature of mandamus and a declaration of the rights of the parties is unnecessary, we treat this as a CPLR article 78 proceeding.

Supreme Court erred in concluding that a split vote of the Commissioners of the Board of Elections requires that the proposition be printed on the ballot. All Board actions require a majority vote (Election Law § 3-212 [2]; *see, Matter of Bridgham v Tutunjian,* 84 AD2d 853; *Matter of Conlin v Kisiel,* 35 AD2d 423, 425, *affd* 28 NY2d 700). The Board must affirmatively determine what questions appear on the ballot (Election Law § 4-114).

The record before us contains an affidavit by respondent Mohr asserting that the abstract and proposition were not certified as required by Election Law § 4-108. No proof to the contrary appears in this record. While the duties of the Commissioners of the Board of Elections are strictly ministerial *(see, Matter of Lindgren,* 232 NY 59; *Matter of Lucariello v Commissioners of Chautauqua County Bd. of Elections,* 148 AD2d 1012, 1012-1013, *lv denied* 73 NY2d 707), rejection of the abstract and proposition for failure to meet the formal requirements of Election Law § 4-108 (1) (b) is ministerial and within the authority of a commissioner. Thus, we conclude that the judgment of Supreme Court requiring the Board to print the proposition on the ballot constitutes an improper interference with the authority of the Commissioners of the Board of Elections.

The court properly granted in part the motion of intervenor-respondents to intervene, i.e., with respect to the determinations of the Commissioners. With respect to the remaining portion of that motion, however, we conclude that the court abused its discretion in denying intervention to challenge the wording of the abstract and proposition *(see, Matter of White v Incorporated Vil. of Plandome Manor,* 190 AD2d 854, *lv denied* 83 NY2d 752; *Matter of Elinor Homes Co. v St. Lawrence,* 113 AD2d 25, 28). Intervenor-respondents have standing to challenge the wording of the abstract and proposition and their challenge was timely *(see,* Election Law § 16-104 [2], [3]).

Furthermore, the relief sought by respondents and intervenor-respondents should have been granted. An abstract and proposition must state concisely and clearly the purpose and effect of the proposed amendment (Municipal Home Rule Law § 25; Election Law § 4-108). We conclude that this abstract and proposition do not meet those requirements because they do not inform the voter that the proposed amendment alters the vote requirement on sale and use taxes.

Thus, the judgment is modified by vacating that part of the second decretal paragraph that denied the motion to intervene with respect to the challenge to the wording of the abstract, by vacating the third, fourth and fifth decretal paragraphs, and by providing that the motion to intervene is granted in its entirety and the petition is dismissed. In all other respects, the judgment is affirmed.

All concur except Balio, J., who concurs in result in the following Memorandum.

Balio, J. (concurring). I concur in the result. The record shows that the proposition submitted to the Board of Elections was not certified, as required by Election Law § 4-108. Under the circumstances, respondent Mohr, as one of the Commissioners of the Board of Elections, properly exercised his ministerial duty in rejecting the proposition (cf., *Schwartz v Heffernan*, 304 NY 474, 480; *Matter of Lindgren*, 232 NY 59, 62; *Matter of Lucariello v Commissioners of Chautauqua County Bd. of Elections*, 148 AD2d 1012, 1013, *lv denied* 73 NY2d 707). Thus, Supreme Court erred in directing the Board of Elections to print the proposition on the ballot.

I agree with the majority that the court properly allowed the intervention and that, because the abstract and proposition did not inform the voter that the proposed amendment alters the voting requirement regarding sales and use taxes, the relief requested by respondents and intervenor-respondents should have been granted. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Election Law.) Present—Pine, J. P., Balio, Lawton, Wesley and Doerr, JJ.