■ In the Matter of ASSOCIATION FOR A BETTER LONG ISLAND et al., Respondents-Appellants, v COUNTY OF SUFFOLK et al., Appellants-Respondents. [663 NYS2d 226] —In a proceeding pursuant to CPLR article 78 and Election Law § 16-104 (4), *inter alia,* to enjoin the County of Suffolk and the Suffolk County Board of Elections from placing the proposition "Shall a Charter Law Directing Suffolk County to Actively Oppose the LILCO/LIPA Takeover Plan, Be Approved?", on the ballot for the general election to be held on November 4, 1997, (1) the County of Suffolk, Suffolk County Board of Elections, Suffolk County Legislature, and the Clerk of the Suffolk County Legislature, appeal from stated portions of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), dated October 1, 1997, which, *inter alia,* enjoined the appellants from placing the proposition on the ballot and (2)

the Association for a Better Long Island and Desmond W. Ryan, cross-appeal from so much of the order and judgment as declared that the "County of Suffolk has the legal authority to seek a referendum vote" on proposed amendments to the Suffolk County Charter.

Ordered that the order and judgment is affirmed, without costs or disbursements.

We agree with the appellants' claim that the proposed local law (*see*, Resolution No. 636-1997, adopting a "Charter Law Ensuring Truth and Honesty in LIPA/LILCO/BUG Transaction") is the proper subject of a referendum (*see*, Municipal Home Rule Law § 23 [2] [f]; § 34 [4]; *Matter of New York Pub. Interest Research Group v Giuliani*, 228 AD2d 276; *Brittain v Village of Liverpool*, 172 Misc 2d 201). The proposed local law purports to amend certain sections of the Suffolk County Charter by obligating County officials to take legal action in certain situations involving a proposed merger plan. However, the referendum question which the appellants seek to place on the ballot is misleading and does not indicate "in a clear and coherent manner * * * the subject matter" of the proposed local law (Election Law § 4-108 [2]).

In view of our decision, we need not reach the question of whether or not this is a purely advisory referendum. Mangano, P. J., Sullivan, Friedmann, Florio and McGinity, JJ., concur.