(October 28, 2003)

■ In the Matter of Louis J. Marcoccia, Respondent, v Suffolk County Board of Elections, Respondent, and Town of Brookhaven, Appellant. [766 NYS2d 567] —In a proceeding pursuant to Election Law § 16-104 (2), inter alia, for a declaration, in effect, that the question in Proposition No. 1 to appear on the ballot in the Town of Brookhaven for the November 4, 2003, general election, and the related abstract, present misleading and inaccurate summaries of proposed Local Law No. 34 (2003) of the Town of Brookhaven, the Town of Brookhaven appeals from a final order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, J.), dated October 21, 2003, which granted the petition to the extent of, in effect, making the requested declaration, annulling the text of Proposition No. 1, enjoining the Suffolk County Board of Elections from further printing, publishing, or disseminating any ballots or abstracts pertaining to Proposition No. 1, and awarding costs and disbursements to the petitioner. By letter dated October 27, 2003, and by oral application to the court, the appellant requested that the appeal be withdrawn.

Ordered that the application is denied; and it is further,

Ordered that the final order and judgment is modified, as a matter of discretion, by deleting from the fourth decretal paragraph thereof the provision awarding costs and disburse-

ments to the petitioner and substituting therefor a provision stating that no party shall recover costs or disbursements; as so modified, the final order and judgment is affirmed, without costs or disbursements.

This proceeding seeks, inter alia, a declaration, in effect, that the question in Proposition No. 1 to appear on the ballot in the Town of Brookhaven for the November 4, 2003, general election, and the related abstract, present misleading and inaccurate summaries of proposed Local Law No. 34 (2003) of the Town of Brookhaven (hereinafter the proposed local law).

Contrary to the contention of the Town, this proceeding is not jurisdictionally defective. Although the Town Attorney was served in accordance with the order to show cause and the Town Attorney is not authorized to accept service of process on behalf of the Town, the Town Clerk was also served. Service upon the Town Clerk was proper and satisfied the requirements of CPLR 311 (a) (5), even though the order to show cause did not provide for such service (*see 110 Manno Realty Corp. v Town of Huntington,* 61 Misc 2d 702 [1970]; *cf. Matter of Eldor Contr. Corp. v Town of Islip,* 277 AD2d 233, 234 [2000]).

The proposed local law purports to authorize a 2% tax on real estate transactions within the Town of Brookhaven. However, the question framed in Proposition No. 1 and the related abstract are misleading and do not indicate "in a clear and coherent manner * * * the subject matter" of the proposed local law (Election Law § 4-108 [2]; *see Matter of Association for a Better Long Is. v County of Suffolk,* 243 AD2d 560 [1997]; *Matter of Lenihan v Blackwell,* 209 AD2d 1048 [1994]). While the proposition and abstract characterize the responsibility for payment of the tax as belonging to only the "buyer" in a real estate transaction, the proposed local law provides circumstances whereby the seller or grantor may be held accountable for payment of the tax. Accordingly, Proposition No. 1 was properly annulled by the Supreme Court.

However, in the exercise of our discretion, we delete the award of costs and disbursements to the petitioner (*see Matter of Swanson v Sunderland,* 176 AD2d 842 [1991]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.