Same memorandum as in *Christensen v Christensen* (55 AD3d 1453 [2008]). Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.

(October 28, 2008)

■ In the Matter of DENNIS MAVROMATIS, Respondent, v TOWN OF WEST SENECA et al., Appellants, et al., Respondents. [869 NYS2d 709]—

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered October 8, 2008 in a proceeding pursuant to Election Law article 16 and CPLR article 78. The judgment granted the petition to the extent of determining that the underlying petition seeking a special town election on a suitable proposition to be drafted was valid and directing the placement of such a proposition on an election ballot.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this special proceeding pursuant to Election Law article 16 and CPLR article 78 seeking a determination that his underlying petition seeking a special town election on a "suitable proposition to be drafted" (hereafter, undrafted prospective proposition) to decrease the number of council members of respondent Town of West Seneca from four to two "beginning on January 1, 2012" was valid and directing the placement of such a proposition on an election ballot. We note at the outset that, "[b]ecause the relief sought is in the nature of mandamus . . . , we treat this as a CPLR article 78 proceeding" (*Matter of Lenihan v Blackwell*, 209 AD2d 1048, 1049 [1994], *lv denied* 84 NY2d 808 [1994]).

Respondent Town Clerk of the Town of West Seneca (Town Clerk), based on the recommendation of respondent Commissioners of the Erie County Board of Elections, implicitly invalidated the underlying petition on the ground that the undrafted prospective proposition would be misleading and contrary to the implementation provisions of Town Law § 87 (3) governing such a decrease. Supreme Court granted the petition to the extent of determining that the underlying petition was valid and directing that "an abstract of the ballot proposition to be submitted to the voters at the special town election . . . shall be forthwith drafted by the Respondents in full compliance with Election Law § 4-108 (2), and shall be promptly served upon counsel for the Petitioner herein." That was error.

Election Law § 4-108 (2) provides in relevant part that "[t]he form in which [a] proposed . . . proposition . . . is to be submitted shall consist of only an abbreviated title indicating . . . in a clear and coherent manner using words with common and everyday meanings[ ] the subject matter of the . . . proposition" (*see Lenihan*, 209 AD2d at 1050). A proposed proposition and, a fortiori, an undrafted prospective proposition, is appropriately invalidated if it is misleading (*see Matter of Association for Better Long Is. v County of Suffolk*, 243 AD2d 560, 561 [1997], *lv denied* 90 NY2d 811 [1997]), or it contains "blatant ambiguities [or] illegal provisions" (*Matter of Sinawski v Cuevas*, 123 AD2d 548, 548 [1986], *lv denied* 68 NY2d 609 [1986]). Here, the underlying petition was properly invalidated because the resulting proposition would have been misleading inasmuch as it would materially conflict with Town Law § 87 (3) (*see Lenihan*, 209 AD2d at 1050). Present—Scudder, P.J., Hurlbutt, Peradotto and Pine, JJ.