(October 26, 2010)

■ In the Matter of KEVIN P. GAUGHAN, Individually and as Chairperson of Let the People Decide, an Independent Body, et al., Respondents, v RALPH M. MOHR et al., Commissioners, Constituting the Erie County Board of Elections, Appellants.
[909 NYS2d 408]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 8, 2010 in a proceeding pursuant to the Election Law. The order directed respondents to place on the ballot for the November 2, 2010 election a resolution reducing the membership of the Erie County Legislature.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the petition seeking, inter alia, an order directing respondents to place a specified referendum question on the November 2, 2010 ballot. Respondents contend that they properly rejected the referendum question from the ballot because it violated County Law §§ 100 and 102. We reject that contention. The revised form of the referendum question transmitted to the Erie County Board of Elections on September 27, 2010 complied with the procedural requirements set forth in County Law § 102 (1). "This [C]ourt will not . . . discourage the efforts of public officials by declaring some minor step omitted in the statutory procedure fatal[ ] or by overstressing the importance of some technical defect" (*Crell v O'Rourke*, 88 AD2d 83, 86 [1982], *affd* 57 NY2d 702 [1982]).

We reject respondents' further contention that the certification and transmittal of the referendum question violated Election Law § 4-108. The referendum question at issue was properly certified and transmitted by the Clerk of the Erie County Legislature pursuant to County Law § 102. County Law § 105 provides that, "[w]here a specific provision of law exists in any other law [that] is inconsistent with the provisions of the election law, such provision shall apply unless a provision of the election law specifies that [it] shall apply notwithstanding any other provision of law," and that exception does not apply here. Indeed, the Clerk of the Erie County Legislature was the official most familiar with the deliberative process of that body. Moreover, the Erie County Clerk was unable to certify and transmit the referendum question because it would not be filed in her office until after its approval by the voters (*see* Municipal Home Rule Law § 27 [1]). In addition, as respondents concede, the referendum question is not misleading, ambiguous, illegal, or inconsistent with existing law (*cf. Matter of Mavromatis v Town of*

*W. Seneca*, 55 AD3d 1455, 1456 [2008]; *Matter of Association for Better Long Is. v County of Suffolk*, 243 AD2d 560 [1997], *lv denied* 90 NY2d 811 [1997]; *Matter of Sinawski v Cuevas*, 123 AD2d 548 [1986], *lv denied* 68 NY2d 609 [1986]). We thus conclude that respondents abused their ministerial authority in rejecting the referendum question from the ballot (*see generally Matter of Lenihan v Blackwell*, 209 AD2d 1048, 1049 [1994], *lv denied* 84 NY2d 808 [1994]; *Crell*, 88 AD2d at 85-86). We have reviewed respondents' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.