(October 27, 2015)

In the Matter of PAUL GRUSKOFF, Appellant, v COUNTY OF SUFFOLK et al., Respondents. GREENS AT HALF HOLLOW HOME OWNERS ASSOCIATION, INC., et al., Intervenors-Respondents. [18 NYS3d 344]—

In a proceeding pursuant to Election Law §§ 4-108 and 16-104, inter alia, to invalidate a referendum regarding the establishment of Suffolk County Sewer District No. 26, which is to appear on the ballot in a general election to be held on November 3, 2015, in Suffolk County, the petitioner appeals from a final order of the Supreme Court, Suffolk County (Mayer, J.), dated October 14, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioner seeks, among other things, to invalidate a referendum regarding the establishment of Suffolk County Sewer District No. 26, which is to appear on the ballot in a general election to be held on November 3, 2015, in Suffolk County.

Election Law § 4-108 (2) provides, in relevant part, that "[t]he form in which [a] proposed . . . proposition . . . is to be submitted shall consist of only an abbreviated title indicating . . . in a clear and coherent manner using words with common and every-day meanings, the subject matter of the . . . proposition." Section 4-108 (2) therefore authorizes a challenge to a ballot proposal or abstract that is "misleading, ambiguous, illegal, or inconsistent with existing law" (*Matter of Gaughan v Mohr*, 77 AD3d 1475, 1476-1477 [2010]). Here, contrary to the petitioner's contention, the referendum question is not misleading, ambiguous, illegal, or inconsistent with existing law (*see Matter of Gaughan v Mohr*, 77 AD3d at 1476-1477; *cf. Matter of Mavromatis v Town of W. Seneca*, 55 AD3d 1455, 1456 [2008]; *Matter of Marcoccia v Suffolk County Bd. of Elections*, 309 AD2d 958, 959 [2003]; *Matter of Association for Better Long Is. v County of Suffolk*, 243 AD2d 560, 561 [1997]; *Matter of Sinawski v Cuevas*, 123 AD2d 548, 548 [1986]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Dillon, J.P., Leventhal, Chambers and Hall, JJ., concur.