In the Matter of JOSEPH E. CONLIN, Appellant, v. MICHAEL W. KISIEL et al., as Commissioners of the Board of Elections of the County of Niagara, et al., Respondents.

Fourth Department, January 7, 1971.

*Grossman & Levine* (*Stanley Grossman* of counsel), for appellant.

*Samuel L. Tavano* (*F. Warren Kahn* of counsel), for respondents.

WITMER, J.   By unilateral action of the Republican Commissioner of Elections of Niagara County, petitioner was replaced as Deputy Commissioner of Elections. His petition in an article 78 proceeding for an order certifying that he is still such Deputy Commissioner and prohibiting his removal from the payroll was denied in the order of Special Term from which petitioner appeals.

We recognize the practical validity of the reasons assigned by Special Term for its denial of the petition, to wit, that the intent that Boards of Elections shall be bipartisan and when composed of two persons one shall be designated from each of the two most popular political parties, is revealed by the Constitution and legislation thereunder (N. Y. Const., art. II, § 8; Election Law, § 30, subd. 1; *Matter of Blondheim* v. *Cohen,* 248 App. Div. 75, affd. 272 N. Y. 520) ; that a Deputy Commissioner has the power to act and often acts for and in the place of the Commissioner of his party (Public Officers' Law, § 9; 1966, Atty. Gen. [Inf. Opns.] 145) ; that if one Commissioner may block the removal of a Deputy Commissioner of the other party and thereby gain the sympathy and support of that Deputy, the bipartisan character of the Board of Elections may thereby be impaired, contrary to the intent of the Constitution and the Legislature ; and that, therefore, a practical construction of section 34 of the Election Law is required, to the extent at least, with respect to the organizational meetings of Boards of Elections, of permitting each Commissioner unilaterally to appoint his own Deputy Commissioner.

We do not believe, however, that the courts are at liberty to place such practical construction upon the statute which sets forth the powers and duties of Commissioners of Elections. Section 36 of the Election Law provides in pertinent part as follows :

'' Every board of elections may appoint and at pleasure remove deputies, clerks, voting machine custodians and other employees, prescribe their duties, establish their titles and fix their rank   *   *   *   [and] also may fix the number and salaries of its employees ''.

As petitioner argues, this statute gives to the Board of Elections the power and duty of appointing and removing deputies,

clerks, etc., fixing the ranks and salaries thereof and prescribing their duties. It is inconsistent to say that each member of the board may appoint his own deputy but that the board as a unit must assign the duties, compensation, etc. of such deputy.

There is a paucity of authority on this subject. The courts have held that a Deputy City Clerk is not protected by civil service and may be discharged by his City Clerk (*People ex rel. McGraw* v. *Scully,* 35 Misc. 613; and see *People ex rel. Conway* v. *Barker,* 14 Misc. 360). The Attorney-General has given his informal opinion that where one Commissioner of Elections has resigned, the remaining Commissioner has no power to employ a clerk; that the procedure is to fill the vacancy of the resigned Commissioner and then have the *board* appoint the clerk (48 N. Y. St. Dept. Rep. 241; and see 61 N. Y. St. Dept. Rep. 213, and 48 N. Y. St. Dept. Rep. 206). It must have been as obvious to the Legislature as it is to the parties in this case that impasses within a Board of Elections may develop under this statute. Indeed, in section 34 of the Election Law the Legislature has provided that if the Commissioners cannot agree at their organizational meeting, as to which one shall be President and which Secretary, they shall draw lots therefor. This situation presents a policy question for the Legislature which the courts should not attempt to solve.

The principle of statutory construction that to accomplish a clear intent of the Legislature the courts may interpret the language of a statute in a manner quite contrary to its wording (*Eck* v. *United Arab Airlines,* 15 N Y 2d 53, 62; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43, 49) is inapplicable here because the intent of the Legislature for bipartisan conduct by Boards of Elections seems to be paramount, and in view of the wording of the statute as above quoted, the court has no mandate to give the statute a practical construction. If the Legislature considers that the duties of Deputy Commissioners are so similar to those of Commissioners that they should be selected in a manner different from that used to select other board employees, it should provide therefor in a manner which it determines appropriate.

We find that the unilateral action of the Republican Commissioner of Elections was not the action of the Board of Elections and, therefore, petitioner was not legally removed from his office.

The order appealed from, therefore, should be reversed and petitioner's application should be granted.

DEL VECCHIO, J. P., MOULE and HENRY, JJ., concur with WITMER, J.; MARSH, J., not participating.

Order reversed with costs and petition granted.