Bertram Harnett, J.
Petitioner is a former employee of the Nassau County Board of Elections (Board) who seeks in this proceeding (CPLR art. 78) to be reinstated to her position as a clerk of the Board. She began her employment with the Board in 1961 and was notified that her employment was terminated at the close of business on January 18, 1971. She claims her termination was unlawful because:
(1) it was not effected by action of the Board; and
(2) she received no notice of a hearing on her discharge, nor was any hearing held pursuant to section 75 of the Civil Service Law.
The Board is composed of two Commissioners of Election, one from ‘ ‘ each of the two political parties which at the general election last preceding * * * cast the highest and next highest number of votes for governor ” (Election Law, § 31). The two Commissioners, upon their appointment, organize as a Board and, acting as a Board, have power to: ‘ ‘ appoint and at pleasure remove deputies, clerks * * * and other employees ” (Election Law, § 36). The statutory intent is that the employees be equally divided between the two political parties receiving the highest and next highest number of votes for Governor. (Matter of Blondheim v. Cohen, 248 App. Div. 75, affd. 272 N. Y. 520.) It appears from the papers submitted on this proceeding that in Nassau County the Republican Commissioner has practical control over employment of the Republican half of the employees, and the Democratic Commissioner over the Democratic half. As a practical matter, each unilaterally determines which of his flock to appoint or remove, and the action is then taken by agreement of both Commissioners.
Assuming arguendo that she was removed by concurrent action of the two Election Commissioners, petitioner argues that the removal procedures permitted by the Election Law are violative of her rights of due process, and that the 11 unclassified service” established for employees of the Board of Elections by subdivision (f) of section 35 of the Civil Service Law violates the mandate of section 6 of article V of the New York State Constitution and .section 1304 of the County Government Law of Nassau County (Charter) (as enacted by L. 1936, ch. 879).
Section 6 of article V of the New York State Constitution provides that: 1 ‘ appointments and promotions in the civil service of the state and all of the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, ■shall be competitive ’ ’. The court finds no conflict between that constitutional mandate and subdivision (f) of section 35 of the *299 Civil Service Law which places the Board employees in the unclassified service. That provision of the Civil Service Law is a legislative determination that it is not reasonably practicable to appoint and promote election employees by competitive examination.
The court further notes that even were petitioner correct in her contention that subdivision (f) of section 35 of the Civil Service Law violates .section 6 of article V of the New York State Constitution, she could not prevail anyway, since she never herself took the examination necessary to establish her assumed status. ‘ ‘ If her appointment were valid, it was in the unclassified service * * * and she acquired no right of tenure under section 75 of the Civil Service Law. On the other hand, if the statutes involved * * * are invalid, then petitioner’s appointment was invalid and she has no rights to enforce here. (See Palmer v. Board of Education, 276 N. Y. 22).” Matter of Jones v. Meisser, Index No. 679/1971, Sup. Ct., Nassau County [Suozzi, J.]).
A more difficult question is presented by the possible conflict between subdivision (f) of section 35 of the Civil Service Law and section 1304 of the Charter. The Civil Service Law provides that employees of Boards of Election are in the unclassified service, while the Charter states that: “ all officers and employees of the county and of all departments * # * thereof * * * shall he members of the classified service, except * * * 3. Election officers.” Mrs. Starr is an employee of the Board of Elections and not an “ election officer ”.
The Charter, a general law (Matter of Burke v. Krug, 161 Misc. 687), was adopted by the State Legislature and the people of Nassau County, and became effective on January 1, 1938. At that time section 9 of the Civil Service Law, the predecessor of the present section 35, did not contain provisions placing elections employees in the unclassified service. In 1958, as part of a general recodification of the Civil Service Law, the Legislature adopted the present section 35. It is presumed that in 1958 the Legislature was cognizant of its prior approval of the Nassau County Charter in 1936. (Czarnowsky v. City of Rochester, 55 App. Div. 388.) By adoption in 1958 of an inconsistent general provision of State law, repeal of section 1304 of the Charter was effected to the extent inconsistent with section 35 of the Civil Service Law. (Abate v. Mundt, 25 N Y 2d 309, affd. 403 U. S. 182; see, also, Matter of Gould v. Looney, 34 A D 2d 807; Matter of Carter v. Board of Supervisors, 25 N Y 2d 420, revg. 31 A D 2d 945.) It is of interest to note that while those legislative enactments were prior to the adoption of the *300 so-called “ Bill of Eights for Local Governments ” in 1963, a similar result would obtain today. By article IX (§ 2, subd. [b], par. [2]) of the New York Constitution, the Legislature may adopt general laws inconsistent with local charter provisions on matters relating to the ‘1 property, affairs or government of any local government ’ ’. The Legislature is similarly empowered to adopt general or special laws relating to matters other than the property, affairs or government of a local government. Subdivision (f) of section 35 of the Civil Service Law which is effective throughout the State, is such a general law. (See N. Y. Const., art. IX, § 3, subd. [d], par. [1].)
Accordingly, the court finds that petitioner’s position is in the unclassified service of the County of Nassau pursuant to subdivision (f) of section 35 of the Civil Service Law, and that she may be removed from that position by the procedures set forth in section 36 of the Election Law. (Matter of Blondheim v. Cohen, 248 App. Div. 75, affd. 272 N. Y. 520.) The provisions of, section 75 of the Civil Service Law, requiring hearings upon stated charges, are not applicable to petitioner, a member of the unclassified service. (Matter of McEneny v. McKee, 236 App. Div. 140, affd. 262 N. Y. 494.) Petitioner had no right to tenure in her position and could properly be removed by the Board of Elections without a hearing. (Cf. Matter of Smith v. Chambers, 32 A D 2d 949, affd. 26 N Y 2d 876, rearg. den. 26 N Y 2d 1020; Matter of Silverman v. Taylor, 270 App. Div. 1040, mot. for lv. to app. den. 271 App. Div. 827, app. dsmd. 296 N. Y. 827.) However, the efficacy of that removal remains to be determined, for if she was not in fact removed by the Board of Elections, the purported removal is a nullity.
Petitioner was appointed on the recommendation of the Democratic Commissioner, and was apparently discharged in the same manner. She alleges without contradiction that the minutes of the Board of Elections meetings do not reflect any action by the Board to effect her discharge. The allegation by respondents that petitioner’s removal as an employee was “ recommended ” to the Board by the Democratic Commissioner, and that a “ CS39 ” signed by both Commissioners was filed with the Nassau County Civil Service Commission, is insufficient. No explanation is offered as to what a “ CS39 ” may be, and respondents offer no satisfactory explanation how the Board could act to sign and file that document without any resolution or motion on the part of the Board.
The statutory mandate is clear that1 ‘ Minutes of all meetings [of the Board] shall show how each commissioner voted upon *301 any resolution or motion. The board shall keep a record of its proceedings”. (Election Law, § 34.) It is axiomatic that a public board must take all actions by resolution or other similar motion, and all action by the Board of Elections must be on concurrence of both Commissioners. (Matter of Conlin v. Kisiel, 35 A D 2d 423, affd. 28 N Y 2d 700; Matter of Cristenfeld v. Meisser, 64 Misc 2d 296.)
The affidavits submitted by the parties on this proceeding show conclusively that there is no indication in the minutes of the Board of Elections that petitioner was removed from her position as an employee of the Board, and the conclusion is inescapable that her removal was not done in accordance with lawful procedures. The court will direct that she be reinstated, with full pay and privileges retroactive to January 18, 1971.