◼ In the Matter of GERTRUDE STARR, Respondent, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR, *inter alia,* to reinstate petitioner to her position in the employ of the Nassau County Board of Elections, the appeal is from a judgment of the Supreme Court, Nassau County, entered September 21, 1971, which granted the petition. Judgment reversed, on the law, without costs; proceeding dismissed on the merits; and determination of appellant Board of Elections confirmed. Petitioner, who had been employed by the appellant Board of Elections as a clerk for 10 years, was dismissed effective January 18, 1971. It is undisputed that no formal resolution was adopted in this connection and that the minutes of the board's meetings do not reflect the action taken. The only documentary indicia of the board's determination is a "CS 39" form signed by both Commissioners of Election and filed with the appellant Nassau County Civil Service Commission. In our opinion, the procedure employed by the board was valid and should be upheld. The board may dismiss its employees at its pleasure (Election Law, § 36). All that is required is concurrent action by both Commissioners (*Matter of Conlin* v. *Kisiel,* 35 A D 2d 423, affd. 28 N Y 2d 700). There is sufficient evidence in this record to establish that the action taken was concurrent. We find no necessity for a formal motion or resolution or for minutes showing how each Commissioner voted. The thrust of section 34 of the Election Law, which requires such minutes, is patently directed to the activities of the board in carrying out its statutory duties and not to its internal operations. Munder, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur. Christ, J., dissents and votes to affirm, with the following memorandum: I agree with the majority's contention that the board was empowered to dismiss petitioner without cause (Election Law, § 36); however, I think that section 34 of the Election Law requires that such action be taken by way of a formal board meeting and further requires that an entry be made in the board's minutes noting the fact of such dismissal. [67 Misc 2d 297.]