## THIRD DEPARTMENT, NOVEMBER, 1981

### (November 2, 1981)

■ In the Matter of RUTH T. BRIDGHAM, Respondent, v HENRY TUTUNJIAN et al., Constituting the Board of Elections of the County of Rensselaer, Appellants, and GORDON EVANS, Intervenor-Appellant. — Appeals from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 30, 1981 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, and directed the respondent board of elections to accept the filing of a certificate of nomination of the Conservative Party for town offices in the Town of Nassau, Rensselaer County, for the November 3, 1981 general election. In our view, the appeal taken by the respondent board of elections must be dismissed since it has not been established that such action by the board was duly authorized as required by law (Election Law, § 3-212, subd 2). The motion to dismiss this appeal, made by respondent Monahan, is therefore granted. The motion by Gordon Evans to intervene in the appeal taken by the board is dismissed, as academic. Finally,

the appeal taken by Gordon Evans in his own behalf is dismissed on the ground that he is not bound by the judgment in question nor is he sufficiently aggrieved or affected so as to permit his appeal as a nonparty (CPLR 5511; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.04; see, also, *Moodie v American Cas. Co. of Reading, Pa.,* 27 AD2d 958). Appeals dismissed, without costs. Motion to intervene dismissed, as academic, without costs. Mahoney, P.J., Sweeney and Weiss, JJ., concur.

Casey, J., dissents and votes to reverse in the following memorandum. Casey, J. (dissenting). I dissent. This court is divided only over the procedural aspects of this proceeding for it is generally agreed that the certificate of nomination for the town offices of the Conservative Party in the Town of Nassau was not timely filed with the Rensselaer County Board of Elections. The order to show cause which commenced this proceeding at Special Term was directed to be served only on the two county commissioners of elections. No candidate other than the petitioner, nor any other interested or affected party was required to be served with a copy of such order. In this posture, there was therefore no opportunity for any other candidate to know about the proceeding much less to participate therein. It can hardly be doubted that Gordon Evans, who has filed a notice of appeal in this court, was and is aggrieved by the judgment of Special Term for as a result thereof he is now required to contest with a Democratic opponent who has been erroneously awarded the Conservative Party line. Although CPLR 5511 authorizes appeals only by parties aggrieved, this provision "'does not preclude an appeal by persons aggrieved, who, though not strictly parties, are so connected with the litigation that they may be termed quasi parties'" *(Ryder v Cue Car Rental,* 32 AD2d 143, 146). Accordingly, the Republican candidate is a proper appellant. In any event, the record does not conclusively establish that the board's appeal is unauthorized, and clearly the board is a party aggrieved by the judgment which directs the board to do that which it originally refused to do. Having concluded that no procedural bar prohibits this appeal, it follows that the judgment of Special Term should be reversed, for it is generally agreed that the certificate itself was untimely filed. The judgment should be reversed and the petition dismissed.