■ COUNTY OF CHAUTAUQUA, Respondent, v CHAUTAUQUA COUNTY EMPLOYEES' UNIT 6300 OF LOCAL 807 OF THE CIVIL SERVICE EMPLOYEES' ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant.—Order unanimously affirmed with costs. Memorandum: Election Law § 3-300 expressly empowers a county board of elections to appoint "and at its pleasure" to remove its employees. By enacting that statute, the Legislature furthered the constitutional mandate of bipartisan participation in the functions of boards of elections *(see,* NY Const, art II, § 8) and vested boards of election with complete and exclusive control of their personnel and the performance of their duties in that highly sensitive governmental area. Indeed, an employee of the board of elections can be removed from her position only upon the concurrent approval of the two commissioners of elections *(see, Matter of Starr v Meisser,* 39 AD2d 712, *affd* 33 NY2d 748; *Matter of Conlin v Kisiel,* 35 AD2d 423, *affd* 28 NY2d 700). The arbitrator, in concluding that the County of Chautauqua could unilaterally usurp the county board's removal powers through the collective bargaining process, violated the strong public policy mandate clearly expressed in section 3-300, and Supreme Court properly vacated the arbitration award upon that ground.

Moreover, it was "completely irrational" for the arbitrator to determine that Phyllis Clute, an elections technician, was a "permanent regular employee" entitled to the protections of the disciplinary procedures set forth in the collective bargaining agreement. Employees of county boards of election are in

the unclassified civil service and are not subject to civil service laws and regulations, including section 75 of the Civil Service Law *(see, Matter of Blondheim v Cohen,* 248 App Div 75, *affd* 272 NY 520; *Matter of Larson v Tangalos,* 113 Misc 2d 696; *Matter of Starr v Meisser,* 67 Misc 2d 297, 300, *revd on other grounds* 39 AD2d 712, *affd* 33 NY2d 748, *supra).* Because Clute was removable at the pleasure of the board of elections, she could not attain the civil service status of a permanent employee. Respondent's reliance upon cases suggesting that procedures preliminary to tenure decisions in the education field can be submitted to arbitration *(see, Matter of Board of Educ. [Middle Is. Teachers Assn.],* 50 NY2d 426, 429; *Matter of Northeast Cent. School Dist. v Webutuck Teachers Assn.,* 71 AD2d 673, *affd* 52 NY2d 717) is misplaced. In those cases, the party having the power to deny tenure is the same party entering into the collective bargaining agreement. In the subject case, the board of elections plays no part in collective bargaining, and the County has no authority to unilaterally negate or restrict the board of elections' statutory removal powers through collective bargaining. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Arbitration.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.