■ DAVID UMFREY, Respondent-Appellant, v PATRICK H. NeMOYER, as County Attorney of the County of Erie, et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1987, plaintiff was sued in an underlying action arising out of his employment by defendant County of Erie (County). When the County declined to defend and to indemnify plaintiff in the underlying action (see, Public Officers Law § 18), plaintiff retained private counsel to represent him in the underlying action and in a CPLR article 78 proceeding against, among others, the County. Plaintiff prevailed in the article 78 proceeding (see, Matter of Umfrey v NeMoyer, 178 AD2d 966) and thereafter brought an application in Supreme Court to be reimbursed for the fees of his private counsel (see, Public Officers Law § 18 [3] [c]). Plaintiff sought an award of $17,618.38, for time billed by private counsel in defending the underlying action and prosecuting the article 78 proceeding, plus $2,000 in unbilled time related to the application for an award of fees. In opposition, the County conceded that it was obligated to plaintiff in the amount of $7,855.38, the amount related to the underlying action, but further contended that it was not obligated for fees related to the article 78 proceeding or the reimbursement application. Supreme Court found that plaintiff was entitled to an award of fees only with respect to the underlying action,

that plaintiff had shown that only $7,855.38 of the requested award was clearly related to the underlying action and that, because the time spent on the underlying action and the article 78 proceeding was indistinguishable, plaintiff was entitled to an award of the conceded fee ($7,855.38) plus 50% of the disputed fee for a total of $12,736.18.

We reject plaintiff's contention that he is entitled to an award of legal fees incurred in the article 78 proceeding and on the reimbursement application. "In New York the general rule is that each litigant is required to absorb the cost of his own attorney's fees and a defendant may not be required to pay plaintiff's attorney's fee in the absence of a contractual or statutory liability" (Harradine v Board of Supervisors, 73 AD2d 118, 121). Here, plaintiff relies on Public Officers Law § 18, but, as found by Supreme Court, that statute does not provide for the recovery of attorney's fees incurred in a proceeding to compel compliance with the statute (see, Matter of Garcia v Abrams, 98 AD2d 871, 873, amended on other grounds 101 AD2d 601; Matter of Spitz v Abrams, 123 Misc 2d 446, affd 105 AD2d 904 [construing Public Officers Law § 17]).

Thus, Supreme Court erred in awarding plaintiff attorney's fees other than those related to the underlying action. Because Public Officers Law § 18 allows, in the circumstances of this case, an award only for legal fees related to the underlying action, plaintiff bore the burden of differentiating the fees incurred in the underlying action from those incurred with respect to other matters. To the extent that plaintiff failed to meet that burden, he was entitled to no compensation, and Supreme Court erred in awarding fees representing half the value of the undifferentiated legal services. Therefore, the order of Supreme Court is modified to reduce the award of legal fees and costs to $7,855.38. (Appeals from Order of Supreme Court, Erie County, Gossel, J.—Counsel Fees.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.