*585 OPINION OF THE COURT
Mario J. Rossetti, J.
Petitioner has moved by order to show cause, for an order compelling respondents’ attendance before him as a Commissioner of the Board of Elections of Erie County pursuant to subpoenas issued the 8th day of August 1994.
Respondent Beverly Ann Mazur, in a motion joined in by respondent Harold W. Schroeder, has cross-moved for an order quashing said subpoenas on the basis that the petitioner lacks capacity and authority to conduct an investigation and issue subpoenas without the concurrence of the other Election Commissioner Roger I. Blackwell.
The issue herein, i.e., the authority of one Commissioner to issue subpoenas pursuant to his unilateral investigation, appears to be a matter of first impression as neither party has cited any precedent, nor has this court located any decisional law on point.
It is undisputed that the petitioner did not receive the consent or acquiescence of Commissioner Blackwell to issue the subpoena or to otherwise conduct the instant investigation. Petitioner contends, however, that the plain language of Election Law § 3-218 empowers a Commissioner to issue subpoenas without the approval of the other Commissioner. The unequivocal language of said section, to wit: "The board of elections and any of the commissioners thereof may require any person to appear * * * as to any matter in relation to which the board is charged * * * or in relation to violations of the elective franchise, and subpoenas may issue therefor” (emphasis added), does indeed reflect the authority of one Commissioner to issue subpoenas. As readily apparent, however, is that the issuance of the subpoenas must be in relation to a Board duty or to violations of the elective franchise.
The purpose of the subpoena herein, as attested by the petitioner, is in relation to an investigation of a possible violation of the elective franchise. The issue at bar is not, therefore, the authority of a Commissioner to issue a subpoena pursuant to such investigation, but preliminary, his authority to so investigate without the acquiescence of the remaining Board member.
The investigative power of a Board of Elections is codified in Election Law § 3-104 (2), which states: "Whenever the state board of elections or other board of elections shall determine, on its own initiative or upon complaint, or otherwise, that *586 there is substantial reason to believe a violation of this chapter or any code or regulation promulgated thereunder has occurred, it shall expeditiously make an investigation” (emphasis added). This section manifestly confers investigative authority upon the local Board of Elections but, unlike the subpoena power under section 3-218, does not extend such authority to a Commissioner. Any such investigation, therefore, must be made with Board authority, in this case by agreement of both Commissioners pursuant to Election Law § 3-212 (see, Matter of Lenihan v Blackwell, — AD2d —, 1994 NY Slip Op 09846 [4th Dept 1994]). Once such determination to investigate is made by the Board, section 3-218 then empowers a Commissioner to issue subpoenas.
If a Commissioner opines that an investigation is warranted, but fails to convince his counterpart of same, he is not without recourse. The Commissioner can either file a complaint himself, or advise the complainant to file same with the State Board of Elections (Election Law § 3-104 [2]). If the State Board then determines that an investigation is required, it can either conduct same, or direct the County Board to do so.
If such direction is made, one Commissioner would then have the power to subpoena pursuant to such investigation (Election Law § 3-218).
In the case at bar, since the petitioner had neither the acquiescence of the other Commissioner, nor the direction of the State Board, he acted without authority and the subpoenas must be quashed.
Pursuant to the foregoing, petitioner’s motion to compel the attendance of respondents, pursuant to subpoenas issued the 8th day of August 1994, is hereby denied, and respondents’ cross motion to quash said subpoenas is hereby granted without costs.