■ In the Matter of BOARD OF ELECTIONS OF THE COUNTY OF WESTCHESTER et al., Respondents, v ANDREW P. O'ROURKE et al., Appellants. [620 NYS2d 107] —In a hybrid action and proceeding, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 1, 1993, which, *inter alia,* granted the plaintiffs-petitioners' motion for a permanent injunction prohibiting the defendants-respondents from interfering with their statutory right to appoint and remove employees and prohibiting the respondent County of Westchester from requiring the public posting of job vacancies by the plaintiffs-petitioners.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Election Law § 3-300 vests boards of election with complete and exclusive control of their personnel *(see, County of Chautauqua v Chautauqua County Empls., Unit 6300,* 181 AD2d 1052; *see also, Matter of Larson v Tangalos,* 113 Misc 2d 696). The Supreme Court properly determined that, in view of this statutory power, the plaintiffs-petitioners cannot be required to comply with the job posting procedures set forth in the collective bargaining agreement between the County of Westchester (hereinafter the County) and the Civil Service Employees Association, Inc. We decline the invitation of the parties to issue a broader declaration with respect to the application of the various provisions of the collective bargaining agreement to the employees of the Board of Elections of the County of Westchester (hereinafter the Board of Elections). As the Supreme Court observed, such a declaration is not necessary to resolve the more exact issue presented.

We also agree that the plaintiffs-petitioners are entitled to reasonable counsel fees. In bringing this action and proceeding, the Commissioners of the Board of Elections were acting in conjunction with their official duties and in good faith on a controversy of public interest, and the services of outside counsel were necessary insofar as the County Attorney could not represent both the Board of Elections and the County *(see, Cahn v Town of Huntington,* 29 NY2d 451; *Matter of Wilson v Allegany County,* 175 AD2d 645; *Slominski v Rutkowski,* 91 AD2d 202).

We have examined the remaining contentions of the parties and find that they are without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.