█ In the Matter of RALPH M. MOHR, as Commissioner of the Erie County Board of Elections, Appellant, v HAROLD W. SCHROEDER et al., Respondents. [629 NYS2d 134] —Order unanimously reversed on the law with costs, motion granted and cross motion denied. Memorandum: In this litigation related to a recent Election Law case *(see, Matter of Wawrzyniak v Pigeon,* 207 AD2d 951, *lv denied* 84 NY2d 801), Ralph M. Mohr, a Com-

missioner of the Erie County Board of Elections, appeals from an order denying his motion to enforce subpoenas that he issued to respondents Schroeder and Mazur, members of the Executive Committee of the Erie County Conservative Party. Commissioner Mohr issued the subpoenas with reference to his investigation into the party's substitution of a candidate to fill a vacancy. Respondents objected to the subpoenas on the ground that they were illegally issued, and Supreme Court granted their cross motion to quash the subpoenas on that ground. The court held that, although Commissioner Mohr has authority pursuant to Election Law § 3-218 (1) to issue subpoenas unilaterally, he may not do so in the course of a unilateral investigation. The court held that, pursuant to Election Law § 3-104 (2) and § 3-212 (2), an investigation may be undertaken only by "action" of the County Board of Elections, i.e., upon the concurrence of both County Commissioners.

Although he acted unilaterally, Commissioner Mohr properly brought the motion to enforce the subpoenas pursuant to CPLR 2308 (b). Further, Commissioner Mohr has standing to prosecute this appeal in his own name inasmuch as he was aggrieved by the court's holding that he lacks the power to issue subpoenas (cf., Matter of Bridgham v Tutunjian, 84 AD2d 853, 854).

We conclude that a Commissioner has unilateral authority to issue subpoenas even without "action" by the Board of Elections undertaking or authorizing an investigation. Election Law § 3-218 (1) expressly provides that a Commissioner may issue subpoenas requiring any person to appear before and be examined by a Commissioner. Although one Commissioner does not have authority to take "action" unilaterally for the Board of Elections (see, Matter of Lenihan v Blackwell, 209 AD2d 1048, 1049, lv denied 84 NY2d 808; Gagliardo v Colascione, 153 AD2d 710, lv denied 74 NY2d 609; Matter of Conlin v Kisiel, 35 AD2d 423, 425, affd 28 NY2d 700; see generally, Election Law § 3-212 [2]), that principle must give way to a statute specifically authorizing a Commissioner to issue subpoenas (see, Election Law § 3-218 [1]). Further, nothing in the Election Law defines an "investigation" as an "action" for the purpose of the majority vote requirement, nor is a single Commissioner prohibited from undertaking an investigation on his own initiative. (Appeal from Order of Supreme Court, Erie County, Rossetti, J.—Quash Subpoena.) Present—Denman, P. J., Pine, Wesley and Balio, JJ. [See, 162 Misc 2d 584.]