■ In the Matter of RANDALL HOGUE et al., Petitioners, v ZONING BOARD OF APPEALS OF THE VILLAGE OF CANAJOHARIE et al., Respondents, and ANDREW NANAA, as Code Enforcement Officer of the Village of Canajoharie, Appellant. [657 NYS2d 462] —Carpinello, J. Appeal from that part of a judgment of the Supreme Court (Best, J.), entered November 15, 1995 in Montgomery County, which denied respondent Andrew Nanaa's cross claim, in a proceeding pursuant to CPLR article 78, for a declaration requiring respondent Village of Canajoharie to pay his counsel fees.

Respondent Andrew Nanaa, the Code Enforcement Officer of

the Village of Canajoharie, issued a zoning/building permit to the owners of premises in the Village of Canajoharie, Montgomery County, for the purpose of remodeling a ballroom for a dance school. Respondent Zoning Board of Appeals of the Village of Canajoharie subsequently concluded that the permit had been erroneously issued. This determination, however, was annulled by Supreme Court in this CPLR article 78 proceeding.

After being informed that the Village Attorney was not authorized to represent him in the instant proceeding, Nanaa retained private counsel out of concern that, if the Zoning Board's determination was confirmed, petitioners might sue him directly for the remodeling expenses incurred in reliance on the permit. Nanaa's cross claim against respondent Village of Canajoharie for counsel fees was summarily denied by Supreme Court, prompting this appeal.

We agree with Nanaa's contention that he is entitled to representation at the Village's expense pursuant to Public Officers Law article 2 (*see*, Public Officers Law § 18 [1] [a]; [3] [a], [b]). Manifestly, Nanaa, as the Village's Code Enforcement Officer, is a public employee within the meaning of the statute (*see*, Public Officers Law § 18 [1] [b]) and was sued in his official capacity. There is no indication in the record that Nanaa volunteered to be named as a party respondent in this proceeding and, having been so named, it was incumbent upon him to, at the least, serve an answer to the petition. It is immaterial that petitioners sought no affirmative relief against Nanaa individually, but were instead requesting annulment of the Board's determination on the basis that Nanaa appropriately performed his duties in issuing the permit.

Indeed, "[u]nder Public Officers Law § 18, a public entity is required to defend an employee 'in any civil action or proceeding * * * arising out of any alleged act or omission which occurred while the employee was acting within the scope of his [or her] public employment or duties' " (*Matter of Hunt v Hamilton County*, 235 AD2d 758, 759, quoting Public Officers Law § 18 [3] [a]). There is no dispute that Nanaa was sued by virtue of actions taken by him in the scope of his public employment. Accordingly, we find that Nanaa was statutorily entitled to be represented by counsel at the Village's expense once informed that the Village Attorney was unauthorized to appear on his behalf (*see*, Public Officers Law § 18 [3] [b]). Any other holding would defeat the clear intent of the statute, which insulates public employees from ligation expenses arising out of their employment (*see*, *Matter of Williams v Rensselaer County Bd. of Elections*, 118 AD2d 966, *appeal dismissed* 68 NY2d 809).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, with costs to respondent Andrew Nanaa, by reversing so much thereof as denied respondent Andrew Nanaa's cross claim for counsel fees; said cross claim granted; and, as so modified, affirmed.