■ In the Matter of EARL J. WALSH, Respondent, v COUNTY OF SARATOGA et al., Appellants, and GEORGE GASSER, as Treasurer of the COUNTY OF SARATOGA, Respondent. (Proceeding No. 1.) In the Matter of JOANNE MASON, Respondent, v GEORGE GASSER, as Treasurer of the County of Saratoga, Respondent, and Board of Supervisors of the County of Saratoga et al., Appellants. (Proceeding No. 2.) [681 NYS2d 889] —Peters, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 5, 1997 in Saratoga County, which, *inter alia*, in two proceedings pursuant to CPLR article 78, granted respondent Saratoga County Treasurer's motion for counsel fees.

Petitioners commenced two separate proceedings[1] to invalidate the tax sale of certain parcels of real estate in the County of Saratoga for failure to pay real property taxes. At such time, respondent Saratoga County Treasurer had, on occasion, accepted payment of back taxes both prior and subsequent to the sale of property at public auction for the purpose of redemption by the titled owner when the property had not yet been deeded to the County. The Treasurer maintained that his position and his prior practice would be inconsistent with the stand on redemption maintained by both respondents Board of Supervi-

---

**1.** Supreme Court subsequently ordered the proceedings joined.

sors and the County, who refused to allow petitioners to redeem their properties after they were auctioned but prior to their conveyance to the County. Upon being advised by the County Attorney that he would be representing those interests of the County and the Board, the Treasurer sought independent counsel.

The Treasurer thereafter moved for payment of his counsel fees pursuant to Public Officers Law § 18. The County and the Board opposed said motion asserting, *inter alia*, that the Treasurer never made the required written request for a defense. Supreme Court found that the Treasurer should be insulated from litigation expenses arising out of the performance of his duties and was thus entitled to representation at the County's expense. From this judgment, the County and the Board appeal.[2]

Concerning the assertion that the Treasurer's failure to tender the required written notice for a defense pursuant to Public Officers Law § 18 (5) precludes representation thereunder, we note that we have consistently held that the statute's notice requirements need not be deemed a condition precedent to an employee's right to legal representation (*see, Matter of Hunt v Hamilton County*, 235 AD2d 758; *Matter of Polak v City of Schenectady*, 181 AD2d 233; *see also, Frontier Ins. Co. v State of New York*, 239 AD2d 92, *lv denied* 92 NY2d 807). As "the purpose of the 10-day delivery requirement is to prevent default and to afford the municipality an opportunity to promptly investigate the incident to determine, among other things, whether the employee was acting within the scope of his or her employment" (*Polak v City of Schenectady, supra*, at 235), it was undisputed that the Treasurer was acting within the scope of his employment as a public employee (*see*, Public Officers Law § 18 [1] [b]) and was sued as a result of acts taken by him in that capacity. It being further undisputed that the County was aware of the proceedings at their commencement and had ample opportunity to investigate, we find no impediment to representation pursuant to Public Officers Law § 18.

Equally without merit is the County's contention that fees should be denied because the Treasurer failed to cooperate in

---

**2.** Originally, the County and the Board filed notices of appeal as to the judgment in favor of petitioners. As indicated by various letters to this Court, the County and the Board subsequently withdrew all other appeals, except as to the issue regarding the Treasurer. Respondent James Connolly, who previously filed a notice of appeal with regard to the sale of the property of petitioner Joanne Mason to him, also withdrew his appeal. Respondent Thomas W. Merrills, Jr., who was added as a respondent in the first proceeding, opted not to perfect his appeal.

the County's defense. The record is replete with evidence that the predominant issue was whether the Board had the ultimate authority to remove parcels from a public auction and whether the Treasurer could accept back taxes for the redemption thereof prior to conveyance to the County. While the Treasurer, an elected official, made policy determinations which resulted in conflict with that of both the Board and the County, his position was not uncooperative.

With no dispute that the Treasurer was sued in his official capacity while acting within the scope of his public employment, it was properly determined that he was statutorily entitled to be represented by independent counsel once informed that the County Attorney would not be representing him (*see*, Public Officers Law § 18 [3] [b]; *Matter of Hogue v Zoning Bd. of Appeals*, 239 AD2d 807, 808). "Any other holding would defeat the clear intent of the statute" (*Matter of Hogue v Zoning Bd. of Appeals, supra*, at 808).

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs to respondent Saratoga County Treasurer.