■ In the Matter of JOHN A. GRAZIANO, as Election Commissioner of the County of Albany and as Member of the Board of Elections of the County of Albany, Respondent, v COUNTY OF ALBANY et al., Appellants. [766 NYS2d 909] —Mugglin, J. Appeal

from a judgment of the Supreme Court (Benza, J.), entered July 2, 2003 in Albany County, which, inter alia, granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, declaring that the Albany County Board of Elections has complete authority to appoint its personnel and spend its annual appropriation as it deems necessary and appropriate.

In 1992, the Albany County Legislature adopted a resolution imposing a hiring freeze on all nonessential employees. That policy has been continuously maintained and is implemented by three of the individual respondents who comprise the Committee to Fill Vacancies (hereinafter Committee) whose function it is to determine which positions are essential and must be filled and which are not. In 2003, the Commissioners of the Albany County Board of Elections determined to employ two election specialists. Despite there being funds available in their appropriated budget for this purpose, the Committee rejected both appointments as not essential. Petitioner, as one of the election commissioners, commenced this combined CPLR article 78 proceeding/declaratory judgment action seeking a declaration "that the Board has unilateral discretion to appoint and dismiss staff, [and] spend funds in furtherance of its legal responsibilities," and seeking to enjoin respondents from interfering with Board appointments. Supreme Court granted this relief and respondents appeal.

We agree with respondents that petitioner lacks standing to bring this proceeding/action and we, therefore, reverse. Election Law § 3-212 (2) provides that "[a]ll actions of the board shall require a majority vote of the commissioners prescribed by law for such board." Albany County has two election commissioners and both are necessary parties (*see Gagliardo v Colascione,* 153 AD2d 710 [1989], *lv denied* 74 NY2d 609 [1989]; *Matter of Bridgham v Tutunjian,* 84 AD2d 853 [1981]; *Matter of Lenihan v Blackwell,* 209 AD2d 1048 [1994], *lv denied* 84 NY2d 808 [1994]; *see also Matter of Connolly v Chenot,* 275 AD2d 583 [2000]). While we agree with Supreme Court that the hiring of personnel is a discretionary, as opposed to a ministerial act, such discretion, except for the appointment of a deputy, cannot be exercised unilaterally (*see* Election Law § 3-300). Thus, petitioner lacks standing to unilaterally bring this combined proceeding/action.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition/complaint dismissed.