■ In the Matter of KAREN L. GIMBRONE, Respondent, v RICHARD O. STEVENSON, as Commissioner of Elections, Appellant, and SUE A. FRIES, as Commissioner of Elections, Respondent. (Appeal No. 1.) [778 NYS2d 799]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Cattaraugus County (John T. Ward, A.J.), entered February 4, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, ordered that petitioner be reinstated to her position and receive back pay from August 9, 2002 to the date of reappointment plus interest and costs and dismissed the claim against respondent Sue A. Fries, Commissioner of Elections.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by vacating the direction that respondent Richard O. Stevenson, Commissioner of Elections, reinstate petitioner and determining that the purported termination of petitioner was invalid ab initio and that petitioner is entitled to receive back pay with interest and benefits from August 9, 2002 and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking reinstatement to her position as an election clerk with the Cattaraugus County Board of Elections (Board) and back pay and benefits after Richard O. Stevenson, Commissioner of Elections (respondent), purportedly terminated her. We conclude that the purported termination of petitioner was invalid and that she is entitled to relief. We reject respondent's contention that petitioner's appointment to the position of election clerk was a nullity. Respondent's signature on the documents appointing petitioner and the acquiescence of respondent Sue A. Fries, the other election commissioner, to the appointment for approximately 32 months together are sufficient indicia of concurrent action. Contrary to respondent's contention, no further formal action was necessary to effectuate the appointment of petitioner (see generally Matter of Starr v Meisser, 39 AD2d 712 [1972], affd 33 NY2d 748 [1973]).

On August 9, 2002, respondent simultaneously sent two documents to the director of personnel and labor relations of Cattaraugus County (County). The first appointed petitioner, who was an election clerk at the time, to the position of deputy commissioner, and the second revoked respondent's signature from that appointment document, thus purportedly terminating petitioner's employment with the Board. We agree with Supreme Court that respondent's actions constitute a "sham" designed to circumvent the statutory rule that an election clerk may be removed from the Board's employment only upon the

concurrent approval of the two commissioners of elections (*see County of Chautauqua v Chautauqua County Employees' Unit 6300 of Local 807 of Civ. Serv. Employees' Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 181 AD2d 1052 [1992]; *Starr*, 39 AD2d at 712; *see also* Election Law § 3-300). Therefore, we conclude that the purported termination of petitioner was invalid. Because the purported termination was invalid, we see no need to reinstate the petition against Sue Fries in order to direct her participation in petitioner's reinstatement. To avoid future disputes of this nature, however, we caution the Board to follow the statutory rule set forth in Election Law § 3-300 in hiring and terminating election clerks rather than following its own custom.

Contrary to respondent's further contention, the dismissal of the petition is not required based on the failure to join the County as a necessary party (*see* CPLR 1001 [a]). Given that the commissioners of election have complete and exclusive control in hiring and terminating election clerks, complete relief can be afforded through the commissioners of election. The County's duty in paying the election clerks is purely ministerial, and adjudication of this dispute thus has no effect on the County's rights (*see Matter of Graziano v County of Albany*, 309 AD2d 1062 [2003], *lv granted* 1 NY3d 507 [2004]; *Chautauqua County Employees' Unit 6300*, 181 AD2d at 1052; *see also* Election Law § 3-300).

We agree with respondent that, pursuant to Public Officers Law § 18 (3) (b), he is entitled to be indemnified for his counsel fees and litigation expenses on appeal (*see Matter of Wilson v Allegany County*, 175 AD2d 645 [1991]). Respondent is not, however, entitled to counsel fees and litigation expenses incurred in compelling the County to pay his legal fees (*see Umfrey v NeMoyer*, 184 AD2d 1047, 1048 [1992]).

We therefore modify the judgment in appeal No. 1 by vacating the direction that respondent reinstate petitioner and determining that the purported termination of petitioner was invalid ab initio and that petitioner is entitled to receive back pay with interest and benefits from August 9, 2002. We modify the order in appeal No. 2 by granting respondent's motion for counsel fees and litigation expenses on appeal, and we remit the matter to Supreme Court to determine the reasonable counsel fees and litigation expenses in connection therewith (*see* Public Officers Law § 18 [3] [b], [c]). We note that, because there is a discrepancy between the decision and order in appeal No. 2 on the issue whether the court granted reargument, the decision controls (*see Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]).

All concur except Kehoe and Gorski, JJ., who dissent in part in accordance with the following memorandum.

Kehoe and Gorski, JJ. (dissenting in part). We respectfully dissent in part because, in our view, Supreme Court erred in granting the petition and reinstating petitioner to her appointment to the position of clerk. We agree with the majority, however, that the court properly dismissed the petition against respondent Sue A. Fries, Commissioner of Elections, but for a different reason. Pursuant to Election Law § 3-212 (2), "[a]ll actions of the board [of elections] shall require a majority vote of the commissioners prescribed by law for such board." Here, there are only two commissioners, and thus each appointment or removal of an employee requires a unanimous vote of those commissioners to constitute a majority. The hiring of the clerk, although a discretionary function of the commissioners, cannot be exercised unilaterally (*see Matter of Mohr v Schroeder*, 86 NY2d 786, [1995] *revg* 216 AD2d 926 [1995] *for the reasons stated at* 162 Misc 2d 584 [1994]; *Matter of Graziano v County of Albany*, 309 AD2d 1062, 1063 [2003], *lv granted* 1 NY3d 507 [2004]). In our view, the manner in which petitioner was appointed, i.e., on the conceded unilateral action of one commissioner and practice of acquiescence without affirmative action by the other commissioner, is legally deficient and her appointment therefore was a nullity. Acquiescence does not meet the legal requirements of majority vote mandated by the Election Law (*cf. Matter of Starr v Meisser*, 39 AD2d 712 [1972], *affd* 33 NY2d 748 [1973]). Because her appointment is a nullity, petitioner is not entitled to the protections of the Election Law regarding removal from employment (*see generally County of Chautauqua v Chautauqua County Employees' Unit 6300 of Local 807 of Civ. Serv. Employees' Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 181 AD2d 1052 [1992]).

We therefore would dismiss the petition in its entirety. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.