■ In the Matter of JOHN A. GRAZIANO, as Election Commissioner of the County of Albany and as Member of the Board of Elections of the County of Albany, Appellant, v COUNTY OF ALBANY et al., Respondents. [807 NYS2d 478]—

Mugglin, J. Appeal from an order of the Supreme Court

(Benza, J.), entered December 17, 2004 in Albany County, which denied petitioner's application for counsel fees.

When petitioner's counsel fee issue was previously before us, we dismissed for lack of jurisdiction because no order or judgment had been entered in Supreme Court (12 AD3d 819 [2004]). Thereafter, petitioner again moved for counsel fees incurred in defending an appeal in the underlying proceeding (*see Matter of Graziano v County of Albany*, 309 AD2d 1062 [2003], *mod* 3 NY3d 475 [2004]). By order entered December 17, 2004, Supreme Court denied the application for additional counsel fees, and petitioner appeals.

After our initial decision in the underlying proceeding, petitioner retained new counsel to appeal to the Court of Appeals and no issue exists concerning the fees paid to this attorney for prosecuting that appeal or in eventually settling the case. Respondent argues, however, that a June 22, 2005 stipulation of settlement renders this appeal moot. Under the particular facts herein, we disagree. New counsel's fees for prosecuting the appeal to the Court of Appeals was settled by stipulation of counsel, which recited that "[t]he parties agree that this settlement is not binding or of precedential value with respect to any other fee application in this case or any other case." The final stipulation of settlement, insofar as it relates to counsel fees, recites that "[p]laintiff may submit an application for attorney's fees to the Court for a determination, in the event the parties are unable to agree on an amount due and payable." While petitioner's second attorney did submit a final bill which respondent paid, we read these stipulations as excepting from the settlement petitioner's claim for counsel fees owed his first attorney as the parties had been unable to agree as to those fees, the matter had been submitted to Supreme Court and an appeal was then pending from Supreme Court's order denying additional fees. Reasonable counsel fees and litigation expenses are payable by the public entity "from time to time during the pendency of the civil action or proceeding" (Public Officers Law § 18 [3] [b]), and any dispute with respect thereto may be resolved by the court either on motion or by special proceeding (*see* Public Officers Law § 18 [3] [c]). Special proceedings for the award of counsel fees survive the settlement of the underlying proceeding (*see Matter of Hogue v Zoning Bd. of Appeals of Vil. of Canajoharie*, 239 AD2d 807, 808 [1997]; *Matter of Hunt v Hamilton County*, 235 AD2d 758, 759 [1997]; *see also Umfrey v NeMoyer*, 184 AD2d 1047, 1047-1048 [1992]), and we perceive no bar to the maintenance of this claim under the facts presented.

Public Officers Law § 18 (3) (b) provides for the right to private counsel in "any civil action or proceeding," which includes the defense of a judgment on appeal (*see Matter of Walsh v County of Saratoga*, 256 AD2d 953, 955 [1998]; *Matter of Hogue v Zoning Bd. of Appeals of Vil. of Canajoharie, supra* at 808; *see also Matter of Gimbrone v Stevenson*, 8 AD3d 959, 961 [2004]). Clearly, the statute is intended to "insulate[ ] public employees from litigation expenses arising out of their employment" (*Matter of Hogue v Zoning Bd. of Appeals of Vil. of Canajoharie, supra* at 808). An otherwise unexplained award of no counsel fees or litigation expenses for defending an appeal to this Court would appear to be unreasonable, per se, and the matter is thus remitted to Supreme Court for a hearing to determine these fees and expenses (*see Matter of Gimbrone v Stevenson, supra* at 961).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.